## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 08-81078-Civ-HURLEY/HOPKINS

B.H. REAGAN, on behalf of himself
And all others similarly situated,

                Plaintiff,                      ECF FILE

      vs.

NATIONAL CITY CORPORATION,
DAVID A. DABERKO, JEFFREY D.
KELLY, THOMAS A. RICHLOVSKY,
JON E. BARFIELD, JAMES S.
BROADHURST, CHRISTOPHER M.
CONNOR, BERNADINE P. HEALY,
S. CRAIG LINDNER, PAUL A. ORMOND,
GERALD L. SHAHEEN, JERRY SUE
THORNTON, MORRY WEISS, and
DAVID L. ZOELLER,

                Defendants.
_____/

### PLAINTIFF'S MOTION TO REMAND AND REQUEST FOR EXPEDITED RULING WITH INCORPORATED MEMORANDUM OF LAW

Pursuant to 28 U.S.C. § 1447(c), Plaintiff B.H. Reagan, by and through his undersigned counsel, respectfully moves the Court for an order remanding this matter to the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida ("State Court").

### INTRODUCTION

Plaintiff filed this class action in State Court pursuant to Section 22(a) of the Securities Act of 1933 ("Securities Act") which allows for concurrent state and federal court jurisdiction over Securities Act claims. Relying on a handful of district court decisions from other circuits, Defendants have ignored Eleventh Circuit authority which makes clear that state court actions

that allege *only* Securities Act claims may not be removed to federal court.[1]  As a result, Defendants have no "objectively reasonable basis for seeking removal."  *See McCreery v. State Farm Mutual Automobile Insurance Co.*, No. 07-CIV-80489, 2007 U.S. Dist. LEXIS 97154, *6 (S.D. Fla. Sep. 1, 2007) (Hurley, J.).  Moreover, on the same day that they filed the Notice, Defendants filed a motion with the Judicial Panel on Multidistrict Litigation ("MDL Panel") pursuant to 28 U.S.C. § 1407 to transfer this matter to the Northern District of Ohio.  This filing with the MDL Panel is nothing more than a ploy to discourage this Court from exercising jurisdiction and promptly remanding this case back to the forum in which it was properly filed.

It is in the interests of the Court and the parties to resolve the issue of remand as soon as possible because such ruling (1) will avoid the unnecessary expenditure of judicial resources by the MDL Panel in deciding whether to transfer this action, (2) will avoid unnecessary briefing by the parties in the MDL proceeding and (3) will avoid unnecessary delay in the prosecution of this action in State Court.  Accordingly, Plaintiff respectfully requests that the Court expeditiously resolve the straightforward issue of remand and send this case back to State Court.[2]

## BACKGROUND

On January 8, 2007, Defendant National City Corporation ("National City" or the "Company") completed the acquisition of Fidelity Bankshares, Inc. ("Fidelity"), the fourth largest publicly traded banking institution in Florida, which was also based in West Palm Beach,

---

[1] *See* Notice of Removal [DE #1] ("Notice").

[2] During the pendency of a motion for transfer, the court in which the action was filed retains jurisdiction over the case.  *See* J.P.M.L.R.P.1.5 ("The pendency of a motion . . . before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court.").  *See also Barragan v. Warner-Lambert Co.*, 216 F. Supp. 2d 627, 631 (W.D. Tex. 2002) (district court has authority to rule on motion to remand while motion to transfer to MDL court was pending).

Florida.[3]   ¶ 5.   In return for their Fidelity stock, National City paid Fidelity shareholders a combination of cash and stock worth approximately $39.50 per share.   ¶ 1.   Plaintiff B.H. Reagan, a Palm Beach County resident, is a former Fidelity shareholder who exchanged Fidelity shares for National City common stock.   ¶ 6.

The shares of National City common stock which were exchanged for Fidelity shares were issued pursuant to a Registration Statement filed under the Securities Act.   ¶ 2.   As the Complaint alleges, the Registration Statement contained untrue statements of material fact in that it did not disclose the nature, quality, and risks of the Company's mortgage portfolio and the Company's current loan losses and loss reserves, and misstated the Company's financial results. ¶¶ 91-94.

On August 26, 2008, Plaintiff filed a class action complaint in State Court on behalf of Fidelity shareholders who acquired shares of National City upon National City's acquisition of Fidelity.   ¶ 2.   The Complaint alleges liability for the untrue statements of material fact contained in the Registration Statement under Section 11 and 15 of the Securities Act, 15 U.S.C. §§ 77k and 77o.   ¶ 4.   The action was brought pursuant to § 22(a) of the Securities Act, 15 U.S.C. § 77v(a), which provides state courts with jurisdiction over such claims.   ¶ 4.

On September 26, 2008, Defendants removed this matter "pursuant to 28 U.S.C. § 1441(b) and 15 U.S.C. § 77p (the Securities Litigation Uniform Standards Act ("SLUSA")) in that it is an action over which the District Courts of the United States have original jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 77v."   Notice at 2.   On the same day, Defendants filed their Motion for Transfer of Actions for Coordinated Pretrial Proceedings with the Judicial Panel of Multidistrict Litigation [D.E. # 2].

---

[3] Plaintiff's Complaint filed August 26, 2008 (the "Complaint") is attached as Exhibit A to the Notice.  References to ¶ are to the paragraphs in the Complaint.

## ARGUMENT

A party that removes a state court action to federal court must show that federal jurisdiction exists. *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Defendants have wholly failed to establish that removal of this action is proper. In fact, a straightforward application of Eleventh Circuit authority provides clear support that remand is required.

### A. UNDER ELEVENTH CIRCUIT AUTHORITY STATE COURT ACTIONS BASED SOLELY ON SECURITIES ACT CLAIMS MAY NOT BE REMOVED

Section 22(a) of the Securities Act, allows for concurrent state and federal court jurisdiction over Securities Act claims. 15 U.S.C. § 77v(a).  Further, Section 22(a) stated "no case arising under this title and brought in a state court of competent jurisdiction shall be removed to any court of the United States."  15 U.S.C. § 77v(a).  The plain language of this statute is unequivocal.  An action brought in state court asserting only Securities Act claims may not be removed to federal court.

Defendants' reliance on SLUSA as the grounds for removal is untenable.[4]  In 1998,

---

[4] Defendants rely on a group of district court decisions in support of its argument that this action is removable: *In re King Pharms., Inc.*, 230 F.R.D. 503, 504 (E.D. Tenn. 2004), *Kulinski v. Am. Elec. Power Co.*, 2003 U.S. Dist. LEXIS 26447 (S.D. Ohio Sept. 19, 2003); *Brody v. Homestore, Inc.*, 240 F. Supp. 2d 1122 (C.D. Cal. 2003); *Rubin v. Pixelplus*, 2007 U.S. Dist. LEXIS 17671 (E.D.N.Y. Mar. 13, 2007).  Notice at 4.  None of these cases, however, are from the Eleventh Circuit.  At most these cases demonstrate that there is a split among courts in other circuits as several courts have indeed found remove to be improper.  *See Pipefitters Local 522 and 633 Pension Trust Fund v. Salem Comm. Corp.*, 2005 U.S. Dist. LEXIS 14202 (C.D. Cal. Jun. 28, 2005) (granting motion to remand due to the plain meaning of the statutes); *Hawaii Structural Ironworkers Pension Trust Fund v. Calpine Corp.*, 2003 U.S. Dist. LEXIS 15832 (S.D. Cal. Aug. 26, 2003) (holding "that language of 77p(c), strictly construed, forecloses the removal of class actions asserting claims under the Securities Act."); *Nauheim v. Interpublic Group of Cos.*, 2003 U.S. Dist. LEXIS 6266, (N.D. Ill. April 16, 2003) (finding "the plain language of the Securities Act, as amended by SLUSA, clearly and unambiguously permits the removal of only those covered class action complaints that are based on State statutory or common law" and does

Congress enacted SLUSA making federal court the exclusive venue for class actions alleging fraud in the sale of "covered securities." *Riley v. Merrill Lynch, Pierce, Fenner & Smith*, 292 F.3d 1334, 1341 (11th Cir. 2002).  Congress accomplished this by providing for removal of certain state actions to federal court, and requiring the immediate dismissal of "covered lawsuits." *Id.*  Prior to SLUSA, the Securities Act provided for concurrent jurisdiction in state and federal courts for private actions, as well as prohibited removal of actions filed in state court. *Id.*  SLUSA amended, in part, Section 77v(a) of the Securities Act to read as follows, "*except as provided in section 77p(c) of this title,* no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States."  15 U.S.C. § 77v(a) (amendment in italics).  Section 77p(c) allows for removal of "any covered class action brought in any State court involving a covered security, as set forth in subsection (b) ...."  15 U.S.C. § 77p(c).  Subsection (b) of Section 77p provides:

> No covered class action **based upon the statutory or common law of any state** or subdivision thereof may be maintained in any State or Federal court by any private party alleging--(1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or (2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

15 U.S.C. § 77p(b) (emphasis added).

In *Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.* the Eleventh Circuit addressed the affect of the SLUSA removal language,[5] and set forth the SLUSA removal standard as follows:

> In order to remove an action to federal court under SLUSA, the removing party must show that (1) the suit is a "covered class action," (2) ***the plaintiff's claims***

---

not authorize the removal of cases bases on the Securities Act); *Miller v. Waste Mgmt., Inc. (In re Waste Mgmt., Inc. Secs. Litig.)*, 194 F. Supp. 2d 590 (S.D. Tex. 2002) (holding SLUSA does not provide removal for cases based on the Securities Act).

[5] "[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand."  *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

*are based on state law*, (3) one or more "covered securities" has been purchased or sold, and (4) the defendant misrepresented or omitted a material fact "in connection with the purchase or sale of such security."

*Id.* at 1342 (emphasis added).  *See also Herndon v. Equitable Variable Life Ins. Co.*, 325 F.3d 1252, 1253 (11th Cir. 2003) (Eleventh Circuit reiterating the *Riley* SLUSA removal standard).

Since it is undisputable that the claims brought by Plaintiff Reagan in State Court are solely based on the Securities Act, SLUSA is inapplicable under the standard pronounced by the Eleventh Circuit in *Riley* and *Herndon*, and this case must be remanded.  *See Hal Unshuld v. Tri-S Security Corp.*, No. 06-CV-02931, 2007 U.S. Dist. LEXIS 68513 (D. Ga. Sept. 14, 2007) ("removal of a federal securities claim from state court is not permitted by SLUSA"); *Zia v. Medical Staffing Network, Inc.*, 336 F. Supp. 2d 1306, 1310 (S.D. Fla. 2004) (Dimitrouleas, J.) (remanding action based solely on Securities Act claims to the Fifteenth Judicial Circuit of Florida).

**WHEREFORE**, Plaintiff respectfully requests the Court enter an Order remanding this matter to the Circuit Court for the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.

Dated: October 2, 2008

**BERMAN DEVALERIO PEASE
TABACCO BURT & PUCILLO**

/s/ Jay W. Eng_____
Michael J.  Pucillo (Fla. Bar No. 261033)
Email: mpucillo@bermanesq.com
Jay W. Eng (Fla. Bar No. 146676)
Email: jeng@bermanesq.com
Esperanté Building, Suite 900
222 Lakeview Avenue
West Palm Beach, FL 33401
Phone: (561) 835-9400
Fax: (561) 835-0322

*Attorneys for Plaintiff B.H. Reagan*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 2, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

　　　　　　　　　　　　　　　  /s/  Jay W. Eng
　　　　　　　　　　　　　　　　 Jay W. Eng

G:\Securities\National City\Pleading\PL's Motion to Remand.doc

## SERVICE LIST

Michael J.  Pucillo
mpucillo@bermanesq.com
Jay W. Eng
jeng@bermanesq.com
**BERMAN DEVALERIO PEASE
  TABACCO BURT & PUCILLO**
Esperanté Building, Suite 900
222 Lakeview Avenue
West Palm Beach, FL 33401
Phone: (561) 835-9400
Fax: (561) 835-0322
(VIA ECF NOTIFICATION)

*Attorneys for Plaintiff B.H. Reagan*

John P. Wiederhold (FL 125670)
Email: jwiederhold@wmrfla.com
Robert D. Moses (FL 182860)
**WIEDERHOLD, MOSES & RUBIN,
P.A.**
560 Village Boulevard, Suite 240
West Palm Beach, Florida 33409
Phone: (561) 615-6775
Fax: (561) 615-7225
(VIA ECF NOTIFICATION)

John M. Newman
Email: jmnewman@jonesday.com
Geoffrey J. Ritts
Email: grits@jonesday.com
**JONES DAY**
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Phone: (216) 586-3939
Fax: (216) 579-0212
(VIA ECF NOTIFICATION)

*Attorneys for National City Corporation,
David A. Daberko, Jeffrey D. Kelly, Thomas
A. Richlovsky, Jon E. Barfield, James S.
Broadhurst, Christopher M. Connor,
Bernadine P. Healy, S. Craig Lindner, Paul
A. Ormond, Gerald L. Shaheen, Jerry Sue
Thornton, Morry Weiss, and David L. Zoelle*