UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re NATIONAL CITY CORPORATION | ) | MDL No.:  2003 |
| SECURITIES, DERIVATIVE & ERISA | ) | Case No. 1:08-nc-70000 |
| LITIGATION | ) | |
| | ) | |
| | ) | |
| This Document Relates To: | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| *Reagan v. National City Corporation, et al.* | ) | |
| (Case No. 1:08-nc-70015) | ) | |
| | ) | |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement (the "Stipulation"), dated as of September 1, 2010, is made and entered into by and among Lead Plaintiff B.H. Reagan, on behalf of himself and the other members of the Settlement Class (as herein defined), and National City Corporation ("National City" or the "Company"), David A. Daberko, Jeffrey D. Kelly, Thomas A. Richlovsky, Jon E. Barfield, James S. Broadhurst, Christopher M. Connor, Bernadine P. Healy, S. Craig Lindner, Paul A. Ormond, Gerald L. Shaheen, Jerry Sue Thornton, Morry Weiss and David L. Zoeller ("Defendants") (together, the "Parties to the Stipulation"), by and through their undersigned counsel.

WHEREAS,

a.      On or about August 26, 2008, a Class Action Complaint (the "Complaint") was filed in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida (the "State Action") by Plaintiff B.H. Reagan against  Defendants alleging violations of Sections 11 and 15 of the Securities Act of 1933 (the "Securities Act") on behalf of all persons or entities who acquired shares of National City common stock pursuant to and/or traceable to National City's registration statement (the "Registration Statement") filed with the Securities and Exchange

Commission ("SEC") in connection with National City's acquisition of Fidelity Bankshares, Inc. (the "Fidelity Acquisition"), and who were damaged thereby (the "Class").  The Complaint alleges that the Registration Statement filed by National City and signed by each of the Defendants included untrue statements of material fact and omitted to state material facts necessary in order to make the statements made, in light of the circumstances in which they were made, not misleading.  The Complaint alleges that Defendants failed to disclose, and made false and misleading statements about:  the quality of National City's loan portfolio; the length of the period after which National City would declare loans non-performing; and the adequacy of National City's loan loss reserves.  The Complaint alleges that false or misleading statements in the Registration Statement distorted the financial condition of the Company at the time of the Fidelity Acquisition.

b.      On September 26, 2008, Defendants filed a Notice of Removal removing this case to the United States District Court for the Southern District of Florida.

c.      Also, on September 26, 2008, Defendants filed with the Judicial Panel on Multidistrict Litigation a motion for transfer of this case for coordinated pretrial proceedings as part of a multidistrict litigation captioned *In re National City Corporation Securities, Derivative and ERISA Litigation*, MDL No. 2003 (N.D. Ohio).

d.      On October 2, 2008, Plaintiff filed a Motion to Remand, seeking remand of this case from the federal court to the state court in which it was originally filed.  Defendants opposed the Motion to Remand.

e.      On October 8, 2008, the United States District Court for the Southern District of Florida entered an order staying all proceedings in this case pending disposition of the

motion for transfer that Defendants had filed with the Judicial Panel on Multidistrict Litigation. Plaintiff requested reconsideration of the stay order, which request was denied.

f.     On November 26, 2008, the Judicial Panel for Multidistrict Litigation entered a Transfer Order transferring this case to the Northern District of Ohio for coordinated pretrial proceedings as part of MDL No. 2003.  This case was assigned Case No. 1:08-nc-70015 by the Northern District of Ohio court (the "Action").

g.     On March 3, 2009, Plaintiff and Defendants filed a Joint Motion for Order Regarding Schedule ("Joint Motion").  Also, on March 3, 2009, Plaintiff withdrew his motion to remand.  On October 8, 2009, the Court granted in part and denied in part the Joint Motion and ordered Defendants to respond within 30 days to the Complaint.  On November 9, 2009, Defendants filed a Motion to Dismiss the Complaint.

h.     On November 12, 2009, Plaintiff Reagan filed a Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Counsel, and on February 24, 2010, the Court entered an Order granting Plaintiff's Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Counsel which Order appointed B.H. Reagan as Lead Plaintiff and the law firm of Berman DeValerio as Lead Counsel.

i.      On December 9, 2009, the Lead Plaintiff filed a Memorandum in Opposition to Defendants' Motion to Dismiss, and on December 28, 2009, Defendants filed their Reply to Lead Plaintiff's Opposition.

j.      On March 18, 2010, following a number of informal settlement conferences, and after the exchange of information and mediation submissions, Lead Plaintiff and the Defendants participated in a mediation under the supervision of David Geronemus, Esquire.  Lead Plaintiff, by and through his counsel, conducted discussions and arms' length

negotiations with counsel for and representatives of Defendants to determine if the Action could be compromised and settled achieving the best possible relief consistent with the interests of the Class.   An agreement in principle to settle the Action was reached at the March 18, 2010 mediation.

k.     On or about May 12, 2010, the Lead Plaintiff and Defendants entered into a Memorandum of Understanding (the "MOU"), memorializing their agreement in principle to settle the Action, subject to Court approval, on the terms set forth therein.  The MOU provided among other things, that the parties would prepare and file with the Court this Stipulation and Agreement of Settlement.

l.     Defendants deny all charges of wrongdoing or liability with respect to each and all of the claims and contentions that were alleged or that could have been alleged by Lead Plaintiff and the Settlement Class Members, including but not limited to all contentions concerning Defendants' conduct, as well as contentions that such conduct constitutes wrongdoing or gives rise to legal liability or has caused damage to Lead Plaintiff or the Settlement Class Members.  Defendants deny any wrongdoing whatsoever and this Stipulation shall in no event be construed or be deemed to be evidence of or an admission or concession on the part of any Defendant with respect to any claim of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants could have asserted. Defendants deny that they have committed any act or omission giving rise to any liability and/or violation of the law and state that they are entering into this Settlement to eliminate the burden and expense of further litigation.

m.     Lead Counsel has conducted a thorough investigation and engaged in confirmatory discovery related to the allegations of wrongdoing in this Action, the alleged

-4-

damages suffered by the Settlement Class, and the potential defenses that could be asserted by each Defendant.  In connection therewith, Lead Counsel reviewed numerous news reports, press releases, public records, and Securities & Exchange Commission filings related to the subject matter of this Action; researched the applicable law with respect to the claims; reviewed documents produced by the Defendants; and consulted extensively with experts retained to advise on the issues of both recoverable damages and liability.

n.      Based on its investigation and discovery, Lead Counsel believes that the allegations pursued in this Action are meritorious.  Further, the Lead Plaintiff and his counsel have concluded that the terms and conditions of the Settlement are fair, reasonable and adequate to members of the Settlement Class, and are in the best interests of the Settlement Class. Accordingly, the Lead Plaintiff has agreed to settle the claims pursuant to the terms and provisions of this Stipulation, after considering (a) the substantial benefits that the Lead Plaintiff and the other members of the Settlement Class will receive from the settlement of this Action, (b) the risks of continued litigation, especially in complex actions such as this Action, as well as the difficulties and delays inherent in such litigation, and (c) the desirability of permitting the Settlement to be consummated as provided by the terms of this Stipulation.

NOW WHEREFORE, without any admission or concession on the part of Lead Plaintiff of any lack of merit of the Action whatsoever, and without any admission or concession of any liability or wrongdoing or lack of merit in their defenses whatsoever by Defendants, it is hereby

STIPULATED AND AGREED, by and among the Parties to the Stipulation, through their respective attorneys, subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the mutual promises and benefits flowing to the Parties to the Stipulation from the Settlement, that any and all Released Claims (as defined

below) as against the Released Parties (as defined below) and all Released Defendants' Claims (as defined below) shall be fully, finally and forever compromised, settled, released and dismissed with prejudice, and without an assessment of costs against any party, upon and subject to the following terms and conditions:

## CERTAIN DEFINITIONS

1.     As used in this Stipulation, the following terms shall have the following meanings:

a.     "Action" means the litigation under the caption *Reagan v. National City Corporation, et al.*, Case No. 1:08-nc-70015, pending in the United States District Court for the Northern District of Ohio.

b.     "Authorized Claimant" means a Settlement Class Member who submits a timely and valid Proof of Claim form to the Claims Administrator.

c.     "Claims Administrator" means the claims administration firm Rust Consulting, selected by Lead Counsel, subject to Court approval to administer the Notice and Settlement of this Action.

d.     "Complaint" means the Class Action Complaint filed on or about August 26, 2008, by B.H. Reagan in the Circuit Court for Palm Beach County, Florida.

e.     "Court" means the United States District Court for the Northern District of Ohio.

f.     "Defendants" means National City Corporation ("National City"), David A. Daberko, Jeffrey D. Kelly, Thomas A. Richlovsky, Jon E. Barfield, James S. Broadhurst, Christopher M. Connor, Bernadine P. Healy, S. Craig Lindner, Paul A. Ormond, Gerald L. Shaheen, Jerry Sue Thornton, Morry Weiss and David L. Zoeller.

g.     "Defendants' Counsel" means the law firm of Jones Day.

h.      "Distribution Order" means the order approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the claims submitted herein and approving any fees and expenses not previously applied for, including the fees and expenses of the Claims Administrator, determining that the Effective Date has occurred and directing payment of the Net Settlement Fund to Authorized Claimants.

i.      "Effective Date of Settlement" or "Effective Date" means the date upon which the Settlement contemplated by this Stipulation shall become effective, as set forth in paragraph 15 below.

j.      "Escrow Account" means the interest-bearing bank account established and maintained by Lead Counsel as Escrow Agent, into which the Settlement Amount is to be deposited.

k.      "Escrow Agent" means the law firm of Berman DeValerio.

l.      "Fee and Expense Award" means an award of attorneys' fees and reimbursement of expenses made by the Court pursuant to an application or applications to be filed by Lead Counsel for attorneys' fees and reimbursement of expenses.

m.      "Fidelity Acquisition" means the acquisition of Fidelity by National City which was announced on July 27, 2006, and consummated on January 5, 2007.

n.      "Fidelity" means Fidelity Bankshares, Inc.

o.      "Final Judgment" means the proposed order to be entered approving the Settlement substantially in the form attached hereto as Exhibit B.

p.      "Gross Settlement Fund" means the sum of the Settlement Amount and all interest earned on the Settlement Amount.

q.      "Individual Defendants" means David A. Daberko, Jeffrey D. Kelly, Thomas A. Richlovsky, Jon E. Barfield, James S. Broadhurst, Christopher M. Connor, Bernadine P. Healy, S. Craig Lindner, Paul A. Ormond, Gerald L. Shaheen, Jerry Sue Thornton, Morry Weiss and David L. Zoeller.

r.      "Lead Counsel" or "Plaintiff's Lead Counsel" means the law firm of Berman DeValerio.

s.      "Lead Plaintiff" means B.H. Reagan.

t.      "Memorandum of Understanding" or "MOU" means the memorandum of understanding in this Action executed on or about May 12, 2010.

u.      "National City" or the "Company" means National City Corporation and its subsidiaries and affiliates.  All obligations of National City herein are obligations of PNC as well.

v.      "Net Settlement Fund" means the balance of the Gross Settlement Fund available to be distributed to Authorized Claimants after the payments set forth in paragraph 8 below.

w.      "Notice" means the Notice of Pendency of Class Action, Proposed Settlement of Class Action, Settlement Fairness Hearing and Right to Share in Settlement Fund, which is to be sent to members of the Settlement Class substantially in the form attached hereto as Exhibit 1 to Exhibit A.

x.      "Notice and Administration Costs" means the costs, fees and expenses that are incurred by the Claims Administrator and Lead Counsel in connection with (i) providing notice to the Settlement Class; and (ii) administering the claims process.

y.      "Parties" means Lead Plaintiff and the Defendants.

z.      "Plaintiff" means the Lead Plaintiff.

aa.     "Plan of Allocation" means the proposed Plan of Allocation substantially in the form attached hereto as Exhibit C or such other Plan of Allocation as the Court approves.

bb.     "PNC" or "Successor" means The PNC Financial Services Group, Inc. All obligations of National City herein are obligations of PNC as well.

cc.     "Preliminary Approval Order" means the proposed order to be entered by the Court substantially in the form of Exhibit A attached hereto.

dd.     "Proof of Claim" means the proposed Proof of Claim and Release form substantially in the form attached hereto as Exhibit 2 to Exhibit A.

ee.     "Publication Notice" means the Summary Notice of Proposed Settlement and Settlement Hearing for publication substantially in the form attached hereto as Exhibit 3 to Exhibit A.

ff.     "Recognized Claim" means the amount of an Authorized Claimant's loss that is determined by the Claims Administrator to be compensable under the Plan of Allocation.

gg.     "Registration Statement" means the registration statement on Form S-4/A filed by National City with the SEC and declared effective as of October 6, 2006, for approximately 14.5 million National City common shares to be exchanged for Fidelity common stock in connection with the Fidelity Acquisition.

hh.     "Released Claims" mean and includes any and all claims, debts, demands, rights, actions, or causes of action, liabilities, damages, losses, obligations, judgments, suits, matters and issues of any kind or nature whatsoever (including, but not limited to, any claims for interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liabilities whatsoever), whether based on United States federal, state or local statutory or common law or

any other law, rule or regulation, whether foreign or domestic, fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether class, individual or derivative in nature, including both known claims and Unknown Claims (as defined below) against any of the Released Parties (as defined below) (i) that have been asserted in the Action (whether pleaded in the Complaint or not), or (ii) that could have been asserted in the Action or in any other court, tribunal, proceeding, or forum by the Lead Plaintiff or the Settlement Class Members or any of them against any of the Released Parties, which also arise out of, relate to, or are based on the Lead Plaintiff's or the Settlement Class Members' acquisition of National City common stock pursuant or traceable to the Registration Statement, or in connection with the Fidelity Acquisition; provided, however, that the Released Claims shall not include claims to enforce the Settlement contemplated by this Stipulation.

      ii.    "Released Defendants' Claims" mean and includes any and all claims, debts, rights, actions or causes of action, liabilities, damages, losses, obligations, judgments, suits, matters and issues of any kind or nature whatsoever (including, but not limited to, any claims for interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liabilities whatsoever), whether based on United States federal, state, local, statutory or common law, or any other law, rule or regulation, whether foreign or domestic, fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether class or individual in nature, including both known claims and Unknown Claims (as defined below), that have been or could have been asserted in the Action or in any other court, tribunal, proceeding, or forum by any of the Defendants or any insurer who contributes to the funding of the Settlement Fund or the heirs, executors, administrators, successors and assigns of any of them against the Lead Plaintiff, any of the Settlement Class

Members, any of their attorneys, and their heirs, executors, administrators, successors and assigns, which arise out of or relate to or are based on the institution, prosecution, or settlement of the Action; provided, however, that the Released Defendants' Claims shall not include claims to enforce the Settlement contemplated by this Stipulation.

jj.     "Released Parties" mean the Defendants and any and all of their families, parent entities, associates, affiliates, predecessors, successors or subsidiaries and each and all of their   respective past or present officers, directors, executives, partners, stockholders, representatives, employees, attorneys, financial or investment advisors, consultants, accountants, auditors,  investment bankers, commercial bankers, insurers, advisors or agents, heirs, executors, trustees, general or limited partners or partnerships, personal representatives, estates, administrators, predecessors, successors, assigns and any other representatives of any of these persons or entities.

kk.     "Settlement" means the settlement contemplated by this Stipulation.

ll.     "Settlement Amount" means $11 million in United States currency.

mm.     "Settlement Class" and "Settlement Class Members" mean all persons or entities who acquired shares of National City Corporation common stock pursuant to and/or traceable to the Registration Statement filed with the SEC in connection with the Fidelity Acquisition and who were damaged thereby.   Excluded from the Settlement Class are Defendants, National City, David A. Daberko, Jeffrey D. Kelly, Thomas A. Richlovsky, Jon E. Barfield, James S. Broadhurst, Christopher M. Connor, Bernadine P. Healy, S. Craig Lindner, Paul A. Ormond, Gerald L. Shaheen, Jerry Sue Thornton, Morry Weiss and David L. Zoeller, members of their immediate families, and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest.  Also excluded from the

Settlement Class are persons or entities who properly exclude themselves by filing a valid and timely request for exclusion.

    nn.  "Settlement Fund" means the fund established by the payment of the Settlement Amount.

    oo.  "Stipend" means a compensatory payment pursuant to Securities Act of 1933 (the "Securities Act") § 27(a)(4), 15 U.S.C. § 77z-1(a)(4), requested by the Lead Plaintiff and approved by the Court for the Lead Plaintiff's reasonable time and expense incurred relating to the prosecution of this Action.

    pp.  "Unknown Claims" mean claims that Lead Plaintiff, for himself and on behalf of the Settlement Class, and Defendants do not know or suspect to exist at the time of the release, which if known, might have affected the decision to enter into this release or to object or not object to the Settlement, and the Parties agree that Lead Plaintiff and Defendants shall have waived, and each member of the Settlement Class shall be deemed to waive, and shall waive, and relinquish  to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by any law of the United States or any state or territory of the United States, or principle of common law, or any other law, that governs or limits a person's release of unknown claims; further that (i) Lead Plaintiff, for himself and on behalf of the Settlement Class, and Defendants shall be deemed to waive, and shall waive and relinquish, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code which provides as follows:

    A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR;

(ii) Lead Plaintiff, for himself and on behalf of the Settlement Class, and Defendants also shall be deemed to waive any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, or any other law, that is similar, comparable or equivalent to Section 1542 of the California Civil Code; and (iii) Lead Plaintiff, for himself and on behalf of the Settlement Class, and Defendants acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention, as Lead Plaintiff, for himself and on behalf of the Settlement Class, and Defendants to fully, finally and forever settle and release any and all claims released hereby, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery or existence of such additional or different facts.

<u>**Scope and Effect of Settlement**</u>

2.      The Parties intend and acknowledge that this Stipulation is a binding and enforceable contract, and intend that, subject to Court approval following issuance of a Notice, as required by Fed. R. Civ. P. 23, this Stipulation will lead to a final resolution of the Action on the basis of the terms set forth herein.  The obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Action and of any and all Released Claims as against all Released Parties and of any and all Released Defendants' Claims.

3.      a.      Upon the Effective Date of the Settlement, and without any further action, notice, condition or event, the Lead Plaintiff shall dismiss the Action with prejudice, and without an assessment of costs against any party, and the Lead Plaintiff and Settlement Class Members on behalf of themselves, their heirs, executors, administrators, successors and assigns, for good and valuable consideration the receipt and adequacy of which is hereby acknowledged shall, with

respect to any and all Released Claims, fully, finally and forever release, extinguish, relinquish and discharge, and shall forever be enjoined from initiating, commencing or prosecuting, any and all Released Claims against any and all of the Released Parties, whether or not such Settlement Class Members have executed and delivered a Proof of Claim, participated in the Settlement, filed an objection to the Settlement, the Proposed Plan of Allocation, or any application by Lead Counsel for an award of Attorneys' Fees and Expenses, and whether or not the claims of such Settlement Class Members have been approved or allowed.  Nothing contained herein shall, however, bar any action or claim to enforce the terms of this Stipulation or the Final Judgment.

b.       Upon the Effective Date of the Settlement, and without any further action, the Defendants or any insurer who contributes to the funding of the Settlement Amount or the heirs, executors, administrators, successors and assigns, of any of them, for good and valuable consideration the receipt and adequacy of which is hereby acknowledged shall, with respect to any and all Released Defendants' Claims, fully, finally and forever release, extinguish, relinquish and discharge any and all Released Defendants' Claims, and shall forever be enjoined from initiating, commencing or prosecuting any and all Released Defendants' Claims against any and all of the Lead Plaintiff, Settlement Class Members, any of their attorneys, and their heirs, executors, administrators, successors and assigns.  Nothing contained herein shall, however, bar any action or claim to enforce the terms of this Stipulation or the Final Judgment.

4.       Upon execution of this Stipulation, the initiation, commencement or prosecution of any litigation regarding any of the Released Claims by any Settlement Class Member pending approval of the Settlement by the Court is prohibited, and the Preliminary Approval Order shall provide that the commencement or prosecution of any such litigation is enjoined.  Upon the Effective Date of this Settlement, the Released Parties shall obtain bar order protection as to any

and all Released Claims substantially in the form appearing in the Order and Final Judgment annexed hereto as Exhibit B.  Upon the Effective Date of this Settlement, the Lead Plaintiff, Settlement Class Members, and any of their attorneys, and their heirs, executors, administrators, successors and assigns shall obtain bar order protection as to any and all Released Defendants' Claims substantially in the form appearing in the Order and Final Judgment annexed hereto as Exhibit B.

5.     If any Released Claims are asserted against any of the Released Parties in any court or tribunal prior to the Effective Date of this Settlement, Lead Plaintiff and Lead Counsel shall join, if requested by any Defendant, in any motion to dismiss or stay such proceedings and otherwise shall use their best efforts to cooperate with Defendants to effect a withdrawal or dismissal of such claims.

## Class Certification

6.     a.     Defendants agree, for purposes of this Settlement only, to certification of a Settlement Class, as defined above, pursuant to Federal Rule of Civil Procedure 23(b)(3), the appointment of Lead Plaintiff as the Class Representative, and the appointment of Lead Counsel as Class Counsel.

b.     Nothing in this Stipulation or the Preliminary Approval Order or the Final Judgment or any of the proceedings had in connection with the Settlement shall be taken as an admission or concession that the Settlement Class or any other class could properly be certified if this Action were not settled.  The Parties agree that, in the event the Settlement is terminated or the Effective Date does not occur for any reason, the Settlement Class shall be decertified and neither this Stipulation nor the Preliminary Approval Order nor the Final Judgment nor any of the proceedings had in connection with the Settlement shall be referred to or offered into

evidence to support any argument or contention that a class could or should be certified in the Action.

### The Settlement Consideration

7.      National City or its Successor shall pay or cause to be paid to the Settlement Class in settlement of the claims in this Action, the sum of $11,000,000 (Eleven Million Dollars), which shall be deposited into an interest-bearing account designated by Lead Counsel (the "Settlement Fund Account") within thirty (30) calendar days after the Court enters the Preliminary Approval Order.  Before the Settlement Amount is paid, Lead Counsel shall provide to Defendants' Counsel (i) written notification of the date of the establishment of the Settlement Fund Account, (ii) written notification of the following information regarding the Settlement Fund Account:  bank name, bank address, ABA number, account number, account name and taxpayer identification number, and (iii) any additional information needed to deposit the Settlement Amount into the Settlement Fund Account.  In no event shall Defendants be required to pay any amount other than the Settlement Amount in connection with any aspect of this Settlement, including without limitation, payments for Lead Plaintiff's attorneys' fees or for expenses associated with administration of the Settlement.

8.      The Gross Settlement Fund shall be used to pay (i) any Taxes (as defined below) on the income earned by the Settlement Fund; (ii) the Notice and Administration Costs; and (iii) the Fee and Expense Award.  The balance of the Gross Settlement Fund after the above payments shall be the "Net Settlement Fund" that shall be distributed to the Authorized Claimants as provided below.

9.      Any sums required to be held in escrow prior to the Effective Date shall be held by Lead Counsel as Escrow Agent for the Settlement Fund.  All funds held by the Escrow Agent

shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned to persons paying the same pursuant to this Stipulation and/or further order of the Court.  All monies in the Settlement Fund shall be invested in United States Treasury Securities (or a mutual fund invested solely in such instruments) and accrued interest thereon shall be similarly reinvested, except that any residual cash balances of less than $100,000 may be invested in money market funds comprised exclusively of investments secured by the full faith and credit of the United States.  The Escrow Agent shall not disburse the contents of the Escrow Account except as provided for in this Stipulation or an Order of the Court.  Subject to such further Order and/or direction as may be made by the Court, the Escrow Agent is authorized to execute such transactions on behalf of the members of the Settlement Class as are provided for in this Stipulation.  The Escrow Agent shall not be responsible for the payment of any sums due except to the extent of maintaining an account of and appropriately paying sums as required by this Stipulation, but only to the limited extent such sums are delivered into the Escrow Account.  The Escrow Agent shall not be responsible, solely as a result of its role as Escrow Agent, for the performance of any obligations made herein by any party to this Stipulation.  The Escrow Agent shall be liable only for acts of gross negligence or willful misconduct.  The assumption of duties as Escrow Agent shall not preclude the Escrow Agent from continuing to represent, as the case may be, the Lead Plaintiff or Settlement Class Members.  The Escrow Agent may relieve itself of the duties provided herein, absent agreement of the Parties to this Stipulation by interpleading the sums then held by it.

10.    The Parties agree that the Settlement Fund is intended to be structured and managed by Lead Counsel to qualify as a Qualified Settlement Fund under Section 468B of the

Internal Revenue Code of 1986, as amended, and the Treasury Regulations promulgated thereunder.  The parties shall not take a position in any filing or before any tax authority inconsistent with such treatment.  The Claims Administrator as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3) shall be responsible for filing tax returns for the Settlement Fund and for paying from the Settlement Fund any Taxes, and any indemnification of Defendants for Taxes, owed with respect to the Settlement Fund.  All taxes on the income of the Qualified Settlement Fund and tax-related expenses incurred in connection with the taxation of the Qualified Settlement Fund, and any indemnification of Defendants for taxes or tax-related expenses so incurred (collectively, "Taxes"), shall be the responsibility of the Claims Administrator and shall be paid out of the Qualified Settlement Fund.  Without limiting the foregoing, from the Settlement Fund, the Claims Administrator shall reimburse the Company within 10 calendar days of written demand for any such Taxes to the extent they are imposed on the Company for a period during which the Settlement Fund does not qualify as a "Qualified Settlement Fund."  Defendants' Counsel shall provide promptly to the Claims Administrator the statement described in Treasury Regulation § 1.468 B-3(e).  The Claims Administrator shall, at the Company's request, join with the Company in timely making the "relation-back" election permitted under the Section 468B Treasury regulations in the form prescribed therein, and shall obtain and provide the Company with the Settlement Fund's federal taxpayer identification number on or before the date that the Company transfers funds to the Settlement Fund.  Lead Counsel shall have signature authority over the Settlement Fund Account, and shall direct the financial institution to pay from the Settlement Fund Account the following reasonable costs of administering the Settlement Fund without further order of the Court, which expenses shall include: (i) expenses associated with the preparation and filing of all tax reports and tax returns

required to be filed by the Settlement Fund; (ii) payment of any Taxes owed by the Settlement Fund; and (iii) expenses associated with the preparation and issuance of any required Forms 1099 associated with payments from the Settlement Fund. Lead Counsel may instruct the financial institution to reserve any portion of the Settlement Fund for the purpose of satisfying future or contingent expenses or obligations, including expenses of Settlement Fund administration or any disbursement provided under the terms of this Settlement Agreement. The Defendants take no position, directly or indirectly, with respect to such matters. The Parties acknowledge and agree that the Defendants shall have no authority, control, or liability in connection with the design, management, administration, investment, maintenance, or control of the Settlement Fund, or for any expenses the Settlement Fund may incur or for any Taxes that may be payable by the Settlement Fund or any distributee therefrom.

### Administration Expenses

11. Prior to the Effective Date, Lead Counsel may expend from the Gross Settlement Fund, without further approval from Defendants or the Court, up to $100,000 to pay the reasonable and actual costs and expenses incurred in connection with the administration of the Settlement, including without limitation, the costs of identifying members of the Settlement Class and effecting mail Notice and Publication Notice. Such amounts shall include, without limitation, the actual costs of publishing, printing and mailing the Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, and the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing the Notice and processing the submitted claims.

12. In the event the Settlement does not become effective (*i.e.*, the Effective Date does not occur for any reason or the Settlement is terminated pursuant to the termination

provisions of this Stipulation), the Settlement Amount (including any fees and costs that previously may have been awarded to Lead Counsel) plus accrued interest in the Escrow Account, less any out-of-pocket Notice and Administration Costs incurred up to $100,000 or such further amount as shall be approved by Defendants or the Court, and less any Taxes paid or payable on the Settlement Fund (including any costs and expenses of tax attorneys and accountants), shall revert and be repaid to National City or Successor or the insurers who paid the Settlement Amount in accordance with their respective contributions to payment of the Settlement Amount, within thirty (30) calendar days after the termination of the Settlement.

### Order for Preliminary Approval of Settlement

13.     Promptly after this Stipulation has been fully executed, Lead Counsel and Defendants' Counsel jointly shall apply to the Court for entry of a Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.  Lead Counsel and Defendants shall jointly request that the postmark deadline for objecting and/or submitting exclusions from this Settlement be set at least 21 calendar days prior to the Settlement Fairness Hearing.  Upon receiving any objection(s) and/or request(s) for exclusion pursuant to the Notice, the Claims Administrator shall promptly notify Lead Counsel and Defendants' Counsel of such objection(s) and/or request(s) for exclusion.

### Final Judgment

14.     If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter the Final Judgment, substantially in the form attached hereto as Exhibit B.

## **Effective Date of Settlement, Waiver or Termination**

15.    The Effective Date of Settlement shall be the first day following the date on which all of the following have occurred:

a.    The entire Settlement Amount has been paid into the Escrow Account described herein;

b.    The Preliminary Approval Order (in all material respects in the form attached hereto as Exhibit A) has been entered by the Court;

c.    The Court has approved the Settlement;

d.    The Court has entered the Final Judgment, in all material respects in the form attached hereto as Exhibit B, and any time for reconsideration, rehearing, appeal or review, by writ of *certiorari* or otherwise, of so much of the Final Judgment as approves the fairness, reasonableness and adequacy of the Settlement has expired or, if any such appeal is filed and not dismissed, the approval of the fairness, reasonableness and adequacy of the Settlement has been upheld on appeal in all material respects and is no longer subject to reconsideration, rehearing or review upon appeal, by writ of *certiorari* or otherwise, or, in the event that the Court enters an order and final judgment in a form other than that provided above ("Alternative Judgment") and none of the Parties to the Stipulation elects to terminate this Settlement on the basis of such Alternative Judgment, as set forth below, the date that so much of the Alternative Judgment as approves the fairness, reasonableness and adequacy of the Settlement has become final and no longer subject to reconsideration, rehearing, appeal or review, by *certiorari* or otherwise.  The Effective Date shall not be delayed by any modification of or reconsideration, rehearing, appeal or review of those parts of the Final Judgment that pertain to the Plan of Allocation, the Fee and Expense Award, or the Stipend to Lead Plaintiff.

16.     Defendants' Counsel or Plaintiff's Lead Counsel shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to all other Parties to the Stipulation within thirty (30) calendar days after (i) the Court's declining to enter the Preliminary Approval Order in any material respect; (ii) the Court's refusal to approve this Stipulation or any material part of it; (iii) the Court's declining to enter the Final Judgment in any material respect (other than with respect to those parts that pertain to the Plan of Allocation, the Fee and Expense Award, or the Stipend to Lead Plaintiff); (iv) the date upon which the Final Judgment is modified or reversed in any material respect by the United States Court of Appeals or the United States Supreme Court (other than with respect to those parts that pertain to the Plan of Allocation, the Fee and Expense Award, or the Stipend to Lead Plaintiff); or (v) the date upon which an Alternative Judgment is modified or reversed in any material respect by the United States Court of Appeals or the United States Supreme Court (other than with respect to those parts that pertain to the Plan of Allocation, the Fee and Expense Award, or the Stipend to Lead Plaintiff).

17.     Simultaneously herewith, Lead Counsel and the Defendants' Counsel are executing a "Supplemental Agreement" setting forth certain conditions under which this Stipulation may be terminated by the Defendants in the event that the aggregate Recognized Loss, as calculated pursuant to the Plan of Allocation, of Settlement Class Members who timely and validly request exclusion from the Settlement Class exceeds a certain amount.  Defendants shall have, in their discretion, the option to terminate this Stipulation in accordance with the procedures set forth in the Supplemental Agreement.  Notwithstanding the foregoing, this Stipulation shall not become null and void as a result of the election by the Defendants to

withdraw from the Stipulation pursuant to the Supplemental Agreement unless all conditions set forth in the Supplemental Agreement have been satisfied.

18.    Except as otherwise provided herein, in the event the Settlement is terminated or the Effective Date does not occur for any reason, then the Parties to this Stipulation shall be deemed to have reverted to their respective status in the Action as of the date and time immediately prior to the execution of the MOU and, except as otherwise expressly provided, the Parties shall proceed in all respects as if the MOU and this Stipulation and any related orders had not been entered, and the Settlement Amount (including any fees and costs that previously may have been awarded to Lead Counsel) plus accrued interest in the Escrow Account, less any out-of-pocket Notice and Administration Costs incurred up to $100,000 or such further amount as shall be approved by Defendants or the Court, and less any Taxes paid or payable on the Settlement Fund (including any costs and expenses of tax attorneys and accountants), shall revert and be repaid to National City or Successor or the insurers who paid the Settlement Amount in accordance with their respective contributions to payment of the Settlement Amount within thirty (30) calendar days after the termination of the Settlement.

## No Admission of Wrongdoing

19.    Whether or not the Effective Date occurs, this Stipulation and any proceedings taken pursuant to it:

a.    Shall not be offered or received against any Defendant or Released Party as evidence of or  be construed as or deemed to be evidence of any presumption, concession or admission by any Defendant or Released Party of the truth of any fact alleged by Plaintiff or the validity of any claim that has been or that could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or that could have been asserted in the

Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of any Defendant
or Released Party;

   b. Shall not be offered or received against any Defendant or Released Party
as evidence of a presumption, concession or admission of any fault, misrepresentation or
omission with respect to any statement or written document approved or made by any Defendant
or Released Party;

   c. Shall not be offered or received against any Defendant or Released Party
as evidence of a presumption, concession or admission of any liability, negligence, fault or
wrongdoing, or in any way referred to for any other reason as against any of the Parties to the
Stipulation, or any Released Party in any other civil, criminal or administrative action or
proceeding, other than such proceedings as may be necessary to effectuate the provisions of this
Stipulation, provided however, that any Defendant or Released Party may refer to this
Stipulation to effectuate the liability protection granted hereunder, including, without limitation,
to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel,
release, judgment, bar or reduction, or any other theory of claim or issue preclusion or similar
defense or counterclaim;

   d. Shall not be offered or received against any Defendant or Released Party
in support of any argument that a class should be certified for purposes of any claim;

   e. Shall not be offered or received against Lead Plaintiff or the Settlement
Class Members as evidence of any infirmity in the claims of Lead Plaintiff or the Settlement
Class Members;

   f. Shall not be construed against Defendants or Released Parties or Lead
Plaintiff or the Settlement Class Members as an admission or concession that the consideration to

be given hereunder represents the amount which could be or would have been recovered after trial; and

        g.     Shall not be construed as or received in evidence as an admission, concession or presumption against Lead Plaintiff or the Settlement Class Members or any of them that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

## **Payment to Lead Plaintiff**

20.    Lead Plaintiff may seek Court approval for a Stipend of up to $10,000 for reasonable time and expense incurred by the Lead Plaintiff relating to the prosecution of this Action and the representation of the Settlement Class as Lead Plaintiff to be paid from the Settlement Fund.

21.    Except as provided in this paragraph and paragraph 7 above, Defendants shall have no responsibility for, and no liability whatsoever with respect to any Stipend to Lead Plaintiff, and will take no position with respect to such application by Lead Plaintiff.  The award of a Stipend to Lead Plaintiff is not a necessary term of this Stipulation or the Settlement, and it is not a condition of this Stipulation or the Settlement that such an award be approved by the Court.

## **Administration and Allocation of Settlement Amounts to Authorized Claimants**

22.    Lead Counsel shall be solely responsible for designating the Claims Administrator, subject to Court approval.  Successor shall provide or cause to be provided to the Claims Administrator at no cost to Lead Plaintiff, the Settlement Class or Lead Counsel, the names and addresses of all former Fidelity stockholders of record who acquired National City shares in the Fidelity Acquisition, as set forth on the books and records maintained by, or on

behalf of, National City or Successor.  Defendants shall have no other role or responsibility for administration of the Settlement or for reviewing, approving or challenging claims submitted.

23.    The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim (as defined in the Plan of Allocation or in such other Plan of Allocation as the Court approves).

24.    The Plan of Allocation proposed in the Notice is not a necessary term of this Stipulation or this Settlement, and it is not a condition of the Stipulation or this Settlement that that Plan of Allocation be approved.  Defendants will not have any responsibility for, or any involvement with, the Plan of Allocation, and will take no position with respect to the Plan of Allocation or such other plan as may be approved by the Court.

25.    The Claims Administrator shall administer the Settlement under Lead Counsel's supervision and subject to the jurisdiction of the Court.  Defendants, Successor and Defendants' Counsel shall have no role in or responsibility for administering the Settlement, or reviewing, approving or challenging claims submitted, and shall have no liability whatsoever to any person or entity including, but not limited to, the Settlement Class Members, or Lead Counsel in connection with such administration.   The administration of the Settlement includes the investment, allocation and distribution of the Settlement Fund, the determination, calculation, processing, or payment of claims, the review and approval or rejection of Proofs of Claim, the Plan of Allocation, and the determination, payment or withholding of Taxes or any loss incurred in connection therewith, and no person or entity, including but not limited to, the Settlement Class Members, Lead Plaintiff and Lead Counsel, shall have any claims against Defendants, Successor, Defendants' Counsel or the Released Parties in connection therewith.  Defendants,

Successor and Defendants' Counsel shall cooperate with the Claims Administrator in the implementation of the Settlement to the extent reasonably necessary to effectuate its terms.

26.     Lead Counsel shall be responsible for supervising the administration of the Settlement and disbursement of the Net Settlement Fund by the Claims Administrator.  Except for their obligation to pay the Settlement Amount, Defendants shall have no liability, obligation or responsibility for the disbursement of the Net Settlement Fund.  This is not a claims-made settlement.  If the Settlement is approved and the Effective Date occurs, then as of the Effective Date neither Defendants nor any insurer contributing to the Settlement Amount shall have any right or interest in the Settlement Amount, the Settlement Fund, or the interest accrued thereon. Lead Counsel shall have the right, but not the obligation, to waive what they deem to be technical defects in any Proof of Claim submitted in the interest of achieving substantial justice.

27.     For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

        a.      Each Settlement Class Member shall be required to submit a Proof of Claim (substantially in the form attached hereto as Exhibit 2 to Exhibit A), supported by such documents as are designated therein, including proof of the claimant's loss, or such other documents or proof as Plaintiff's Lead Counsel, in their discretion, may deem acceptable;

        b.      All Proofs of Claim must be submitted to the Claims Administrator by the date specified in the Notice unless such period is extended by Order of the Court.  Any Settlement Class Member who fails to submit a valid Proof of Claim to the Claims Administrator by such date shall be forever barred from receiving any payment pursuant to this Stipulation (unless, by Order of the Court, a later submitted Proof of Claim by such Class Member is

approved), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement including the terms of the Final Judgment and the releases provided for therein, and will be barred from bringing any action against any of the Released Parties concerning the Released Claims, whether or not such Settlement Class Member has filed an objection to the Settlement, the proposed Plan of Allocation, or any application by Lead Counsel for a Fee and Expense Award.  Provided that it is actually received no later than thirty (30) days after the final date for submission of Proofs of Claim, a Proof of Claim shall be deemed to have been submitted when posted, if received with a postmark indicated on the envelope and if mailed first-class postage prepaid and addressed in accordance with the instructions thereon.  In all other cases, the Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator;

c.      Each Proof of Claim shall be submitted to and reviewed by the Claims Administrator, under the supervision of Lead Counsel, who shall determine in accordance with this Stipulation the extent, if any, to which each claim will be allowed, subject to review by the Court pursuant to subparagraph (e) below;

d.      Each Proof of Claim that does not meet the filing requirements may be rejected.  Prior to rejecting a Proof of Claim, the Claims Administrator shall communicate with the claimant to afford the claimant the opportunity to remedy any curable deficiencies in the Proof of Claim.  The Claims Administrator, under supervision of Lead Counsel, shall notify, in a timely fashion and in writing, all claimants whose Proofs of Claim they propose to reject in whole or in part, setting forth the reasons for the proposed rejection, and shall indicate in such notice that the claimant whose claim is to be rejected has the right to review by the Court if the claimant so desires and complies with the requirements of subparagraph (e) below;

e.      If any claimant whose claim has been rejected in whole or in part desires to contest such rejection, the claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court for a final determination; and

f.      The administrative determinations of the Claims Administrator accepting and rejecting claims shall be presented to the Court, on notice to Defendants' Counsel, for approval by the Court in the Distribution Order.

28.      Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's claim, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that claimant's status as a Settlement Class Member and the validity and amount of the claimant's claim.  No discovery shall be allowed on the merits of the Action or the Settlement.

29.      Payment pursuant to this Stipulation and the Plan of Allocation (or such other plan that may be approved by the Court) shall be final and conclusive against all Authorized Claimants.  All Settlement Class Members whose claims are not approved by the Court or who fail to submit a timely and valid claim shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Final Judgment to be entered in the Action and the releases provided for therein, and will be barred from bringing any action against any of the Released

Parties concerning the Released Claims whether or not such Settlement Class Member has filed an objection to the Settlement, the proposed Plan of Allocation, or any application by Lead Counsel for a Fee and Expense Award.

30.    Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order approving the Claims Administrator's determinations concerning the acceptance and rejection of claims, approving any fees and expenses not previously applied for (including the fees and expenses of the Claims Administrator), and directing payment of the Net Settlement Fund to Authorized Claimants.

31.    All Settlement Class Members shall be bound by all the terms of this Stipulation and the Settlement including the terms of the Final Judgment entered in the  Action and the releases provided for therein, and will be barred from bringing any action against any of the Released Parties concerning the Released Claims whether or not such Settlement Class Members participated in the Net Settlement Fund, and whether or not the claims of such Settlement Class Members have been approved or allowed.

32.    All proceedings with respect to the administration, processing and determination of claims described in this Stipulation and the determination of all disputes relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court.

33.    The Net Settlement Fund shall be distributed to Authorized Claimants by the Claims Administrator only after the Effective Date and after:  (i) all claims have been processed, and all claimants whose claims have been rejected or disallowed, in whole or in part, have been notified and provided the opportunity to be heard concerning such rejection or disallowance; (ii) all objections with respect to all rejected or disallowed claims not otherwise resolved, have been

resolved and all appeals therefrom have been resolved or the time therefor has expired; (iii) all matters with respect to attorneys' fees, costs and disbursements have been resolved by the Court, and all appeals therefrom have been resolved or the time therefor has expired; and (iv) all costs of administration and Taxes on the Settlement Fund have been paid.

## Attorneys' Fees and Expenses

34.    Lead Counsel will apply to the Court for a Fee and Expense Award.  The Fee and Expense Award shall be paid from the Settlement Fund to Lead Counsel, as ordered, promptly after both (i) the Court has entered the Final Judgment substantially in the form attached hereto as Exhibit B, and (ii) the Court has entered an order making a Fee and Expense Award.  In the event that the Effective Date does not occur, or the Final Judgment or the Fee and Expense Award is reversed or modified in a material respect, or the Stipulation is cancelled or terminated for any other reason, and in the event that the Fee and Expense Award has been paid to any extent, then Lead Counsel shall be obligated to refund the fees, expenses and costs previously paid from the Settlement Fund in an amount consistent with such reversal or modification, within thirty (30) calendar days after receiving notice from Defendants' Counsel or from a court of appropriate jurisdiction.

35.    The award of attorneys' fees, expenses and costs is not a necessary term of this Stipulation and it is not a condition of this Stipulation that Plaintiff's Lead Counsel's petition for a Fee and Expense Award be approved by the Court.  Such award is a matter separate and apart from the proposed Settlement, and any decision by the Court regarding the fairness, reasonableness and adequacy of the Settlement set forth in this Stipulation.  Any order or proceedings relating to the application for a Fee and Expense Award, or any appeal from any

order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Stipulation, or affect or delay the finality of the Final Judgment approving this Stipulation.

36.     Defendants will take no position with respect to Lead Counsel's application for attorneys' fees and reimbursement of expenses if such fee request is no more than twenty-five percent (25%) of the Settlement Fund.  Except as provided for in this paragraph and paragraph 7 above, Defendants shall have no obligation to pay or reimburse any fees, expenses, costs, or damages alleged or incurred by Lead Plaintiff, by any member of the Settlement Class, or by any of their attorneys, experts, advisors, agents or representatives with respect to the claims settled herein.

## Miscellaneous Provisions

37.     All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.

38.     The Parties to the Stipulation intend the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by the Lead Plaintiff and Settlement Class Members against the Released Parties with respect to the Released Claims.  Accordingly, Lead Plaintiff and Defendants agree not to assert that this Action was brought or defended in bad faith or without a reasonable basis.  The Parties to the Stipulation agree that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.  Lead Plaintiff, Defendants, and their respective counsel shall not make any applications for sanctions pursuant to Rule 11 or other court rule or statute relating to the prosecution or defense of the Action.  The Parties to the Stipulation agree that the amount paid and the other terms of the Settlement were negotiated at arms' length in good faith by the Parties with the assistance of an experienced and independent mediator, and

reflect a Settlement that was reached voluntarily after consultation with experienced legal counsel.

39.     Upon the Effective Date of the Settlement, Lead Counsel, at their option, shall either destroy, or return to counsel for Defendants (at Defendants' expense), all documents or other materials produced by Defendants in the possession of Lead Counsel, except for those documents which are exhibits to any pleadings or other matters of public record.  Lead Counsel shall certify in writing to Defendants' Counsel that all such documents have either been destroyed or returned.  Notwithstanding the foregoing, the Confidentiality Agreement entered into by the Parties shall remain in effect.

40.     This Stipulation may not be modified or amended, nor may any of its provisions be waived except by a writing signed by all Parties to the Stipulation or their successors-in-interest.

41.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

42.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court and the Court shall retain continuing and exclusive jurisdiction for the purpose of entering orders providing for a Fee and Expense Award and enforcing the terms of this Stipulation.

43.     The Parties to the Stipulation hereby irrevocably submit to the continuing and exclusive jurisdiction of the Court for any suit, action, proceeding or dispute arising out of or relating to this Settlement as embodied in this Stipulation or its applicability and agree that they will not oppose the designation of such suit, action, proceeding or dispute as a related case to this Action.

44.     The waiver by one party of any term or condition of this Stipulation shall not be deemed a waiver of any other prior or subsequent term or condition of this Stipulation.

45.     This Stipulation and its exhibits constitute the entire agreement among the Parties to the Stipulation concerning the Settlement of the Action, and no representations, warranties, payments or inducements have been made by any party hereto concerning this Stipulation and its exhibits other than those contained and memorialized in such documents.

46.     This Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to the Stipulation shall exchange among themselves original signed counterparts.

47.     This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties to the Stipulation.

48.     The construction, interpretation, operation, effect and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the internal laws of the State of Ohio without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

49.     This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arms' length negotiations between the Parties  and all Parties have contributed substantially and materially to the preparation of this Stipulation.

50.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related settlement documents, warrant and represent that they have the full

authority to do so, and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

51.    Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order, the Stipulation and the Settlement, and to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.


Dated:  September 1, 2010


**BERMAN DEVALERIO**

By: _____
Michael J. Pucillo
*Admitted Pro Hac Vice*
Email: mpucillo@bermandevalerio.com
Wendy H. Zoberman
*Admitted Pro Hac Vice*
Email: wzoberman@bermandevalerio.com
4280 Professional Center Drive
Suite 350
Palm Beach Gardens, FL 33410
Tel:    561/835-9400
Fax:    561/835-0322

*Counsel for Lead Plaintiff*


**JONES DAY**

By: _____
John M. Newman, Jr.
(Ohio Bar Reg. No. 0005763)
Email: jmnewman@jonesday.com
Geoffrey J. Ritts
(Ohio Bar Reg. No. 0062603)
Email: gjritts@jonesday.com
Adrienne Ferraro Mueller
(Ohio Bar Reg. No. 0076332)
Email: afmueller@jonesday.com
Andrew G. Fiorella
(Ohio Bar Reg. No. 0077005)
Email: agfiorella@jonesday.com
North Point
901 Lakeside Avenue
Cleveland, OH  44144-1190
Tel:    216/586-3939
Fax:    216/579-0212

*Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on September 1, 2010, a copy of the foregoing Stipulation and Agreement of Settlement with attached exhibits was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

/s Michael J. Pucillo
Michael J. Pucillo
Berman DeVelario
4280 Professional Center Drive
Suite 350
Palm Beach Gardens, FL  33410
Tel:    561/835-9400
Fax:   561/835-0322
E-mail:  mpucillo@bermandevalerio.com
[*Admitted Pro Hac Vice*]

**EXHIBIT A**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

_____ )
                                          )
IN RE NATIONAL CITY                       )     Case No. 1:08-nc-70000
CORPORATION SECURITIES,                   )
DERIVATIVE & ERISA LITIGATION             )     Judge Solomon Oliver, Jr.
_____ )
                                          )
THIS DOCUMENT RELATES TO:                 )
                                          )
*Reagan v. National City Corporation, et al.* )
(1:08-nc-70015)                           )
_____ )

**PRELIMINARY ORDER IN CONNECTION WITH SETTLEMENT PROCEEDINGS**

**WHEREAS**, on or about September 1, 2010, the parties to the above-entitled class action litigation (the "Action") entered into a Stipulation and Agreement of Settlement (the "Stipulation") which is subject to review under Rule 23 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement of the claims alleged in the Class Action Complaint (the "Complaint");

**WHEREAS**, the Court has read and considered the Stipulation and the accompanying documents; and the Parties to the Stipulation having consented to the entry of this Order, and all capitalized terms used herein having the meanings defined in the Stipulation;

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

1.  The Court hereby preliminarily approves the Stipulation and the Settlement set forth therein.

2.   For purposes of the Settlement only, the Court finds and determines that the Action may proceed as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of a Settlement Class consisting of all persons or entities who acquired shares of National City Corporation ("National City") common stock pursuant to and/or traceable to the registration statement on Form S-4 filed by National City with the Securities and Exchange Commission and declared effective as of October 6, 2006, for approximately 14.5 million National City common shares to be exchanged for Fidelity common stock in connection with the Fidelity Acquisition and who were damaged thereby.  Excluded from the Settlement Class are Defendants, National City, David A. Daberko, Jeffrey D. Kelly, Thomas A. Richlovsky, Jon E. Barfield, James S. Broadhurst, Christopher M. Connor, Bernadine P. Healy, S. Craig Lindner, Paul A. Ormond, Gerald L. Shaheen, Jerry Sue Thornton, Morry Weiss and David L. Zoeller, members of their immediate families, and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest. Also excluded from the Settlement Class are persons or entities who properly exclude themselves by filing a valid and timely request for exclusion.  The Court conditionally appoints Lead Plaintiff B.H. Reagan as the class representative of the Settlement Class and Lead Counsel Berman DeValerio as counsel for the Settlement Class.

3.      The Court preliminarily finds and concludes, for purposes of the Settlement only, that the prerequisites to class action certification under Rule 23(a), (b)(3) and (g) of the Federal Rules of Civil Procedure have been satisfied in that:   (a) the number of Settlement Class Members is so numerous that joinder is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Lead Plaintiff are typical of the claims of the Settlement Class; (d) the Lead Plaintiff and Lead Counsel for the Settlement Class, Berman

2

DeValerio, have and will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to Settlement Class Members predominate over any questions affecting only individual Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  All findings in this paragraph are based on the submissions to the Court, including the Stipulation.  These findings are not based upon any admissions, representations, assertions, or arguments by Defendants that a class can, should, or would be certified in the Action, and these findings are made while preserving fully the Defendants' rights to argue, in the event that the Settlement is terminated pursuant to the Stipulation or the Effective Date of Settlement does not occur, that no class can or should be certified in the Action.

       4.      A hearing (the "Settlement Fairness Hearing") pursuant to Fed. R. Civ. P. 23(e) is hereby scheduled to be held before the Court on _____, _____ ___, 2010, at _____ __.M. for the following purposes:

       a.      to determine whether the proposed Settlement Class should be finally certified for the purposes of the Settlement;

       b.      to determine whether the proposed Settlement is fair, reasonable, adequate and in the best interests of the Settlement Class and should be approved by the Court;

       c.      to determine whether the Order and Final Judgment as provided under the Stipulation should be entered, dismissing the Complaint on the merits and with prejudice as to the Defendants and the Settlement Class, and to determine whether the release by the Settlement Class of the Released Claims, as set forth in the Stipulation, should be provided to the Released Parties;

d.     to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and in the best interests of the Settlement Class and should be approved by the Court;

e.     to consider Lead Counsel's application for a Fee and Expense Award;

f.     to consider Lead Plaintiff's request for a Stipend to compensate him for reasonable time and expense relating to the prosecution of this Action; and

g.     to rule upon such other matters as the Court may deem appropriate.

5.     The Court approves the form, substance and requirements of the Notice of Pendency of Class Action, Proposed Settlement of Class Action, Settlement Fairness Hearing, and Right to Share in Settlement Fund (the "Notice") and the Proof of Claim form annexed hereto as Exhibits 1 and 2, respectively.  The Notice reasonably informs the Settlement Class of the pendency and nature of this Action, the proposed Settlement and their rights with respect thereto and is approved by the Court as to form and content.

6.  Within seven (7) calendar days of the date of this Order, for the purpose of identifying and giving notice to the Settlement Class, Defendant National City or its Successor shall provide or cause to be provided to the Claims Administrator the names and addresses of all former Fidelity stockholders of record who acquired National City shares in the Fidelity Acquisition.  The names and addresses that the Claims Administrator and Plaintiffs' Lead Counsel obtain pursuant to this Order shall be used solely for the purpose of providing notice of the Settlement and for no other purpose.  Not later than twenty-one (21) calendar days from the date of this Order, Plaintiff's Lead Counsel shall cause a copy of the Notice and the Proof of Claim, with such non-substantive modifications thereto as may be agreed to by the parties, to be mailed by first-class mail, postage prepaid, to such Fidelity stockholders of record at their

addresses listed on such books and records.  Plaintiff's Lead Counsel is authorized to retain a firm to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below.  Nominee owners such as brokerage firms and other persons or entities who acquired National City common shares in the Fidelity Acquisition as record owners but not as beneficial owners are directed, within ten (10) calendar days of receipt of the Notice and Proof of Claim, to either: (a) provide the Claims Administrator with lists of the names and addresses of the beneficial owners, and the Claims Administrator is ordered to send the Notice and Proof of Claim promptly to such beneficial owners, or (b) request additional copies of the Notice and Proof of Claim form and, within ten (10) calendar days of receipt of those copies, mail the Notice and Proof of Claim form by first-class mail, postage prepaid, directly to the beneficial owners.  Additional copies of the Notice and Proof of Claim shall be made available free of charge to any record holder or nominee requesting such for the purpose of distribution to beneficial owners, and such record holders or nominees shall be reimbursed from the Settlement Amount, upon timely submission to the Settlement Claims Administrator of proper documentation, for the reasonable expense actually incurred in sending the Notice and Proof of Claim to beneficial owners and confirmation that the mailing was made as directed.  Plaintiff's Lead Counsel shall, at or before the Settlement Fairness Hearing, file with the Court proof of mailing of the Notice and Proof of Claim.

7.     The Court approves the form of Publication Notice of the proposed Settlement and Settlement Fairness Hearing in substantially the form and content annexed hereto as Exhibit 3 and directs that Plaintiff's Lead Counsel shall cause the Publication Notice to be published once over a national wire service within ten (10) calendar days of the mailing of the Notice.

Plaintiff's Lead Counsel shall, at or before the Settlement Fairness Hearing, file with the Court proof of publication of the Publication Notice.

8.      The form and method set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 27(a)(7) of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

9.      Within 10 days of filing the Stipulation with the Court, the Defendants shall provide the notices required by the Class Action Fairness Act (28 U.S.C. § 1715) to the Federal Reserve Board, the Office of the Comptroller of the Currency and the attorneys general of all states in which members of the Settlement Class reside.

10.     In order to be entitled to participate in the distribution of the Net Settlement Fund, in the event the Settlement is effected in accordance with all of the terms and conditions thereof, each Settlement Class Member shall take the following actions and be subject to the following conditions:

a.      A properly executed Proof of Claim (the "Proof of Claim"), substantially in the form attached hereto as Exhibit 2, must be submitted to the Claims Administrator, at the Post Office box indicated in the Notice, not later than _____, 2011 (the "Deadline"). The Deadline may be further extended by Court Order.  Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first class mail, postage prepaid) provided such Proof of Claim is actually received no later than thirty (30) calendar days after the final date for submission of Proofs of Claim.  Any Proof of Claim

submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice.

b.       The Proof of Claim filed by each Class Member must satisfy the following conditions: (i) it must be properly filled out, signed and submitted not later than the Deadline; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Plaintiff's Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Settlement Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

c.       As part of the Proof of Claim, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall (subject to effectuation of the Settlement) release all claims as provided in the Stipulation.

11.       Upon the Effective Date of the Settlement, Settlement Class Members shall in all respects be subject to and bound by the Stipulation and the Settlement set forth therein, including the release of the Released Claims against the Defendants and the Released Parties, and by all determinations and judgments in this Action, whether favorable or unfavorable.  Settlement Class Members shall be so bound regardless of whether such individual or entity has executed and delivered a Proof of Claim, regardless of whether such individual or entity has received any distribution from the Net Settlement Fund, regardless of whether such individual or entity has

filed an objection to the Settlement, and regardless of whether any claim asserted by such individual or entity has been approved or allowed.

12.     Any person or entity falling within the definition of the Settlement Class may, upon request, be excluded from the Settlement Class, by mailing a valid request for exclusion, postmarked no later than twenty-one (21) calendar days prior to the Settlement Fairness Hearing, to the Claims Administrator as set forth in the Notice.  All members of the Settlement Class who do not timely request exclusion from the Settlement Class in the form and manner set forth in the Notice will be bound by the Settlement provided for in the Stipulation and by any judgment or determination of the Court affecting the Settlement Class, whether favorable or unfavorable to the Settlement Class.

13.     Individuals who request exclusion from the Settlement Class pursuant to the Notice shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

14.     All Settlement Class Members who have not requested exclusion from the Settlement Class may enter appearances in the Action, at their own expense, individually or through counsel of their choice.  If they do not enter an appearance, they will continue to be represented by Plaintiff's Lead Counsel, Berman DeValerio, 4280 Professional Center Drive, Suite 350, Palm Beach Gardens, FL 33410.

15.     The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, the application for a Fee and Expense Award, and/or the award of a Stipend to the Lead Plaintiff only if, no later than twenty-one (21) calendar days prior to the Settlement Fairness Hearing, such comments or objections and any supporting papers (including proof of membership in the Settlement Class) are filed in writing with the Clerk of the Court, United

States District Court, 801 West Superior Avenue, Cleveland, Ohio 44113-1838, and served on the following:  Michael J. Pucillo, Esq., Berman DeValerio, 4280 Professional Center Drive, Suite 350, Palm Beach Gardens, FL 33410, on behalf of the Lead Plaintiff and Settlement Class; and John M. Newman, Jr., Esq., Jones Day, North Point, 901 Lakeside Avenue, Cleveland, OH 44144, on behalf of Defendants.  Attendance at the Settlement Fairness Hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, the application for a Fee and Expense Award and/or the award of a Stipend to the Lead Plaintiff are required to indicate in their written objection their intention to appear at the hearing.  Persons who intend to object to the Settlement, the Plan of Allocation, counsel's application for a Fee and Expense Award and/or the award of a Stipend to the Lead Plaintiff and desire to present evidence at the Settlement Fairness Hearing must include in their written objections the identity of witnesses they may call to testify and copies of any exhibits they intend to introduce into evidence at the Settlement Fairness Hearing.  Any Settlement Class Member who does not object in this manner shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement, to any Final Judgment that may be entered, to any Fee and Expense Award to Plaintiff's Lead Counsel, to any Stipend awarded to the Lead Plaintiff, and to the Plan of Allocation (including in these proceedings, on any appeal or in any other proceeding). Settlement Class Members do not need to appear at the Settlement Fairness Hearing or take any other action to indicate their approval.

16.     Only Settlement Class Members shall have any rights with respect to approval of or objection to the Settlement, the Plan of Allocation or Lead Counsel's request for a Fee and Expense Award, or the award of a Stipend to the Lead Plaintiff.

17.     Upon receiving request(s) for exclusion, pursuant to the Notice, and/or any objection(s), the Claims Administrator shall promptly notify Lead Counsel and Defendants' Counsel of such objection(s) and/or request(s) for exclusion.  Defendants' Counsel and Lead Counsel shall promptly furnish each other with copies of any objections or requests for exclusion that may come into their possession.

18.     To assist the Court in preparing for the Settlement Fairness Hearing, counsel may submit, no later than twenty-eight (28) calendar days prior to the Settlement Fairness Hearing, all briefs, affidavits or other documents related to the findings that this Court is required to make.  Counsel may submit papers in response to any objections that may be filed no later than seven (7) calendar days prior to the Settlement Fairness Hearing.

19.     Pending final determination of whether the Settlement should be approved, the Class Representative, all other Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, are each hereby BARRED AND ENJOINED from instituting, commencing or prosecuting any action in any court or tribunal that asserts any of the Released Claims against any Released Party.

20.     The Court reserves the right to approve the Settlement with or without modification and with or without further notice of any kind.  The Court reserves the right to adjourn or continue the date of the Settlement Fairness Hearing with or without further notice to the Settlement Class.  However, if any Settlement Class Members indicate their intention to appear at the Settlement Fairness Hearing in accordance with the provisions of paragraph 15 above, Plaintiff's Lead Counsel are ordered to provide such persons with notice of the adjourned date(s).  The Court further reserves the right to enter its Order and Final Judgment approving the Stipulation and dismissing the Complaint on the merits and with prejudice as to the Defendants

regardless of whether it has approved the Plan of Allocation, awarded attorneys' fees and expenses, or awarded any Stipend to the Lead Plaintiff.

21.     If the Settlement is disapproved, or terminated in accordance with the terms of the Stipulation, or the Effective Date does not occur for any reason, then the Stipulation shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity, and each party shall be restored to his, her or its respective position as it existed immediately prior to the execution of the Memorandum of Understanding.

22.     In the event the Settlement is disapproved, or terminated in accordance with the terms of the Stipulation, or the Effective Date does not occur for any reason, then the Escrow Agent(s) shall, within thirty (30) calendar days of notice of disapproval or termination, refund the Settlement Amount, plus all accrued interest thereon, to National City or its Successor or the insurers who paid the Settlement Amount in proportion to their respective contributions, except for any Taxes due and Notice and Administration Costs incurred up to $100,000.

23.     This Order shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability.  This Order shall not be construed or used as an admission, concession, or declaration by or against Plaintiffs or the Settlement Class that their claims lack merit or that the relief requested in the Action is inappropriate, improper or unavailable, or as a waiver by any party of any arguments, defenses or claims he, she, or it may have, including, but not limited to, any objections by Defendants to class certification in the event that the Stipulation is terminated.

24.     The Court retains continuing and exclusive jurisdiction over the Action and any suit, action or proceeding or dispute arising out of or related to the Settlement.

**DONE AND ORDERED** in Chambers at Cleveland, Ohio, this _____ day of

_____, 2010.

_____
THE HONORABLE SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

**EXHIBIT 1**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
| _____ ) | | |
| IN RE NATIONAL CITY | ) | Case No. 1:08-nc-70000 |
| CORPORATION SECURITIES, | ) | |
| DERIVATIVE & ERISA LITIGATION | ) | |
| | ) | Judge Solomon Oliver, Jr. |
| _____ ) | | |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) | |
| | ) | |
| _Reagan v. National City Corporation, et al._ | ) | |
| (1:08-nc-70015) | ) | |
| _____ ) | | |

<u>**NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT
OF CLASS ACTION, SETTLEMENT FAIRNESS HEARING,
AND RIGHT TO SHARE IN SETTLEMENT FUND**</u>

TO:  **ALL PERSONS OR ENTITIES WHO ACQUIRED SHARES OF
NATIONAL CITY CORPORATION COMMON STOCK PURSUANT TO
AND/OR TRACEABLE TO THE REGISTRATION STATEMENT FILED
WITH THE SEC IN CONNECTION WITH NATIONAL CITY'S
ACQUISITION OF FIDELITY BANKSHARES, INC. AND WHO WERE
DAMAGED THEREBY ("THE SETTLEMENT CLASS").**

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR
RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION.  IF YOU
ARE A SETTLEMENT CLASS MEMBER, YOU ULTIMATELY MAY BE ENTITLED
TO RECEIVE BENEFITS PURSUANT TO THE PROPOSED SETTLEMENT
DESCRIBED HEREIN.**

**CLAIMS DEADLINE: CLAIMANTS MUST SUBMIT PROOFS OF CLAIM ON THE
FORM ACCOMPANYING THIS NOTICE, POSTMARKED ON OR BEFORE
_____, 2011.**

The United States District Court for the Northern District of Ohio (the "Court") has preliminarily
approved a proposed settlement of a class action lawsuit (the "Settlement").  The Settlement will
provide for payments to members of the Settlement Class who submit valid and timely claims.
The Settlement also provides for payment of legal fees and expenses and for compensation to the
Lead Plaintiff for his time and expense in pursuing the lawsuit, in amounts to be fixed by the
Court.  The Settlement is summarized below.

The Court has scheduled a hearing to decide whether to approve the Settlement.  The hearing will be held before the Honorable Solomon Oliver, Jr. in the Carl B. Stokes United States Court House, 801 West Superior Avenue, Cleveland, Ohio 44113-1838, at ___ a.m., on _____, 2010 (the "Settlement Fairness Hearing").

Any objections to the Settlement, to the application for attorneys' fees and expenses or for compensation to the Lead Plaintiff, or to the Plan of Allocation of the settlement proceeds must be filed with the Court and served on Plaintiff's Lead Counsel (identified on page __ of this notice) and on Defendants' Counsel (identified on page __ of this notice).  The procedure for objecting is described below.

This Notice contains summary information with respect to the Settlement.  The terms and conditions of the Settlement are set forth in a Stipulation and Agreement of Settlement (the "Stipulation").  Capitalized terms used in this Notice but not defined in this Notice have the meanings assigned to them in the Stipulation.  The Stipulation, as well as additional information with respect to this lawsuit and the Settlement, is available at an Internet site dedicated to the Settlement, [_____].

## I.      SUMMARY OF SETTLEMENT AND RELATED MATTERS

This lawsuit arose out of National City Corporation's ("National City") acquisition of Fidelity Bankshares Inc. ("Fidelity") effective January 5, 2007.  The Plaintiff alleged that the Registration Statement for the National City shares issued to Fidelity shareholders in that acquisition failed to accurately disclose the quality of National City's loan portfolio, National City's policy with respect to non-performing loans and the adequacy of National City's loan-loss reserves.  This Notice describes the settlement of that lawsuit, and is being sent to former Fidelity shareholders who acquired National City shares pursuant to that Registration Statement.

A.      Statement of Plaintiff's Recovery.

Pursuant to the Settlement, a Gross Settlement Fund of $11,000,000 in cash plus interest has been established. Each Settlement Class Member's share of the Settlement Fund will be governed by a Plan of Allocation to be approved by the Court.  Assuming that all Settlement Class Members elect to participate in the Settlement, the average recovery under the Settlement is expected to be approximately 10% of each Authorized Claimant's Recognized Loss, before deduction of Court-awarded attorneys' fees and expenses and the costs of administering the Settlement.  Depending on the number of claims filed, a Settlement Class Member may receive more or less than this average amount.   A detailed explanation of the Plan of Allocation, including how a Class Member's Recognized Loss will be determined, appears in Section IV below.

B.      Statement of Potential Outcome of the Litigation.

The Lead Plaintiff and Defendants disagree as to how the lawsuit would turn out if there were no settlement.  They do not agree on whether the Lead Plaintiff would be able to prove his claims, and they do not agree on the amount of damages that would be awarded if Lead Plaintiff were able to prove his claims.  The issues on which the parties disagree include, among other things: (i) whether statements in the Registration Statement were false; and (ii) whether the

various statements that Plaintiff alleges were false were material or otherwise actionable under the federal securities laws.

The Defendants deny that they are liable to the Lead Plaintiff or the Settlement Class, deny that they engaged in any wrongdoing, and deny that the Lead Plaintiff or the other members of the Settlement Class have suffered any damages.  Lead Plaintiff believes the proof at trial would show that at the time the Registration Statement was filed with the SEC and became effective on October 12, 2006, the per share price of National City common stock was $36.85; at the time the Fidelity Acquisition was completed on January 5, 2007, National City's share price was $35.90; as of August 25, 2008, the last trading day prior to the filing of this lawsuit, shares of National City closed at $4.78; and that the maximum claimed aggregate damages are approximately $112,000,000.  Plaintiff's Lead Counsel recognized that in this Action, as in any lawsuit, there was a substantial risk that the Settlement Class might not have recovered the maximum claimed aggregate damages – or any damages at all – in light of liability defenses available to Defendants and challenges to Lead Plaintiff's damage calculation.  Defendants deny that the Registration Statement contained any material false or misleading statements, deny that they are liable to the Lead Plaintiff or the Settlement Class, and deny that the Lead Plaintiff or the Settlement Class suffered any damages.

C.     Statement of Attorneys' Fees and Costs Sought.

Lead Counsel have not yet received any payment for their services in conducting this Action and have not been reimbursed for their out-of-pocket expenditures.  If the Settlement is approved by the Court, Lead Counsel intend to apply for attorneys' fees of up to 25% of the Settlement Fund or an average of approximately $0.19 per damaged share, and for reimbursement of expenses incurred in connection with the prosecution of this Action not to exceed $50,000, or approximately $0.004 per damaged share.  Pursuant to Section 27(a)(4) of the Securities Act, Lead Plaintiff may seek Court approval for a payment of up to $10,000 for reasonable time and expense he incurred relating to the prosecution of this Action and the representation of the Settlement Class ("Stipend").

D.     Reasons for the Settlement.

The proposed Settlement described in this notice is the product of extensive arms' length negotiations between the parties, with the assistance of a professional mediator.  The Action was settled after the Defendants' Motion to Dismiss had been fully briefed, after a number of informal settlement conferences, and after the exchange of information and mediation submissions.

In deciding to settle the Action, Lead Plaintiff and Lead Counsel have evaluated facts learned during their investigation, documents produced by Defendants, and expert analysis of recoverable damages, and have taken into account the substantial expense and time that would be necessary to prosecute the Action through trial, post-trial motions and likely appeals, and the significant uncertainties in predicting the outcome of this complex litigation.  Trial would involve difficult questions regarding whether the Registration Statement contained any material false or misleading statements and the amount of damages sustained, as well as whether certain of the Defendants exercised due diligence.  No determination has been made by the Court as to

liability or the amount, if any, of damages suffered by the Settlement Class, or the proper measure of any such damages.  The determination of damages, like the determination of liability, is a complicated and uncertain process.  Moreover, the Settlement was reached while Defendants' Motion to Dismiss was pending before the Court; if the Court were to grant that motion it could have resulted in the dismissal of all of the Lead Plaintiff's claims without any recovery to the Settlement Class.  The Settlement will provide an immediate and substantial cash benefit to the Settlement Class and avoid the risks that liability or damages might not have been proven at trial.  Based upon a consideration of all of these factors, Lead Plaintiff and Lead Counsel believe that the proposed settlement is fair, reasonable and adequate and is in the best interests of the Settlement Class.

The Defendants have denied all allegations of wrongdoing or liability.  The Stipulation is not and shall not be construed or be deemed to be evidence of, or an admission or a concession on the part of any of the Defendants of, any fault or liability or damages whatsoever, and the Defendants do not concede any infirmity in the defenses they have asserted in the Action.  The Defendants, while continuing to deny all allegations of wrongdoing or liability whatsoever, desire to settle the Action to avoid the risks, expense and burden of complex litigation.

E.      Identification of Plaintiff's Lawyers

Further information regarding the Action and this Notice may be obtained by contacting Lead Counsel for Plaintiff and the Settlement Class ("Plaintiff's Lead Counsel"):

Michael J. Pucillo, Esq.
Wendy H. Zoberman, Esq.
Berman DeValerio
4280 Professional Center Drive
Suite 350
Palm Beach Gardens, FL 33410
Tel:  561/835-9400
Fax:  561/835-0322
E-Mail:  Lawfla@bermandevalerio.com

**[End of cover page.]**

## II.      <u>BACKGROUND OF THE ACTION</u>

a.      On or about August 26, 2008, a Class Action Complaint (the "Complaint") was filed in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida (the "State Action") by Plaintiff B.H. Reagan against Defendants alleging violations of Sections 11 and 15 of the Securities Act of 1933 (the "Securities Act") on behalf of all persons or entities who acquired shares of National City common stock pursuant to and/or traceable to National City's registration statement (the "Registration Statement") filed with the Securities and Exchange Commission ("SEC") in connection with National City's acquisition of Fidelity Bankshares, Inc. (the "Fidelity Acquisition"), and who were damaged thereby.  The Complaint alleges that the Registration Statement included untrue statements of material fact and omitted to state material facts necessary in order to make the statements made, in light of the circumstances in which they

were made, not misleading.  The Complaint alleges that the Registration Statement made false and misleading statements about the quality of National City's loan portfolio, the length of the period after which National City would declare loans non-performing, and the adequacy of National City's loan-loss reserves.  The Complaint alleges that false or misleading statements in the Registration Statement distorted the financial condition of the Company at the time of the Fidelity Acquisition.

b.     On September 26, 2008, Defendants removed this case to the United States District Court for the Southern District of Florida and filed with the Judicial Panel on Multidistrict Litigation a motion for transfer of this case for coordinated pretrial proceedings as part of a multidistrict litigation captioned *In re National City Corporation Securities, Derivative and ERISA Litigation*, MDL No. 2003 (N.D. Ohio).

c.     On October 2, 2008, Plaintiff filed a Motion to Remand, seeking remand of this case to the state court in which it was originally filed.  Defendants opposed the Motion to Remand.

d.     On October 8, 2008, the United States District Court for the Southern District of Florida entered an order staying all proceedings pending disposition of the motion for transfer that Defendants had filed with the Judicial Panel on Multidistrict Litigation.  Plaintiff requested reconsideration of the stay order, which request was denied.

e.     On November 26, 2008, the Judicial Panel for Multidistrict Litigation entered a Transfer Order transferring this case to the Northern District of Ohio for coordinated pretrial proceedings as part of MDL No. 2003.  This case was assigned Case No. 1:08-nc-70015 by the Northern District of Ohio court.

f.     On March 3, 2009, Plaintiff and Defendants filed a Joint Motion for Order Regarding Schedule ("Joint Motion").  Also, on March 3, 2009, Plaintiff withdrew his motion to remand.  On October 8, 2009, the Court granted in part and denied in part the Joint Motion and ordered Defendants to respond within 30 days to the Complaint.  On November 9, 2009, Defendants filed a Motion to Dismiss the Complaint.  On December 9, 2009, the Lead Plaintiff filed a Memorandum in Opposition to Defendants' Motion to Dismiss, and on December 28, 2009, Defendants filed their Reply to Lead Plaintiff's Opposition.

g.     On February 24, 2010, the Court entered an Order granting Plaintiff's Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Counsel. That Order appointed B.H. Reagan as Lead Plaintiff and the law firm of Berman DeValerio as Lead Counsel.

h.     On March 18, 2010, following a number of informal settlement conferences and the exchange of information and mediation submissions, Lead Plaintiff and the Defendants participated in a mediation under the supervision of David Geronemus, Esq.  Lead Plaintiff, by and through his counsel, conducted discussions and arms' length negotiations with counsel for and representatives of Defendants to determine if the Action could be settled on a mutually acceptable basis.  An agreement in principle to settle the Action was reached at the March 18, 2010 mediation.

i.     On or about May 12, 2010, the Lead Plaintiff and Defendants entered into a Memorandum of Understanding (the "MOU") memorializing their agreement in principle to settle the Action, subject to Court approval, on the terms set forth therein.  The MOU provided, among other things, that the parties would prepare and file with the Court a Stipulation and Agreement of Settlement.  On September 1, 2010, the parties executed a Stipulation and Agreement of Settlement, which they filed with the Court.

j.     Defendants deny all charges of wrongdoing or liability with respect to each and all of the claims and contentions that were alleged or that could have been alleged by Lead Plaintiff and the Settlement Class Members, including but not limited to all contentions concerning Defendants' conduct, as well as contentions that such conduct constituted wrongdoing or gave rise to legal liability or has caused damage to Lead Plaintiff or the Settlement Class Members.  The Stipulation shall in no event be construed or be deemed to be evidence of an admission or concession on the part of any Defendant with respect to any claim of fault or liability or wrongdoing or damage whatsoever, or of any infirmity in the defenses that Defendants could have asserted.  Defendants deny that they have committed any act or omission giving rise to any liability and/or violation of the law and state that they are entering into this Settlement to eliminate the burden and expense of further litigation.

k.     Lead Counsel has conducted a thorough investigation and engaged in confirmatory discovery related to the allegations of wrongdoing in this Action, the alleged damages suffered by the Settlement Class, and the potential defenses that could be asserted by each Defendant.  In connection therewith, Lead Counsel reviewed numerous news reports, press releases, public records, and Securities and Exchange Commission filings related to the subject matter of this Action; researched the applicable law with respect to the claims; reviewed documents provided by the Defendants; and consulted extensively with experts retained to advise on the issues of both recoverable damages and liability.

l.     Based on their investigation and discovery, the Lead Plaintiff and his counsel have concluded that the terms and conditions of the Settlement are fair, reasonable and adequate to members of the Settlement Class, and are in the best interests of the Settlement Class.  Accordingly, the Lead Plaintiff has agreed to settle the claims pursuant to the terms and provisions of the Stipulation, after considering (a) the substantial benefits that the Lead Plaintiff and the other members of the Settlement Class will receive from the settlement of this Action, (b) the risks of continued litigation, especially in complex actions such as this Action, as well as the difficulties and delays inherent in such litigation, and (c) the desirability of permitting the Settlement to be consummated as provided by the terms of the Stipulation.

## III.     <u>TERMS OF THE SETTLEMENT</u>

1.     In full and complete settlement of the Released Claims (as defined below) against the Released Parties (as defined below) and subject to the terms and conditions of the Stipulation, Defendants have deposited or caused to be deposited into an escrow account for the benefit of the Settlement Class the sum of $11,000,000 (Eleven Million Dollars).  The Settlement will become effective at such time as Orders entered by the Court approving the Settlement shall become final and not subject to appeal (the "Effective Date").

2.      "Released Claims" mean and includes any and all claims, debts, demands, rights, actions, or causes of action, liabilities, damages, losses, obligations, judgments, suits, matters and issues of any kind or nature whatsoever (including, but not limited to, any claims for interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liabilities whatsoever), whether based on United States federal, state or local statutory or common law or any other law, rule or regulation, whether foreign or domestic, fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether class, individual or derivative in nature, including both known claims and Unknown Claims (as defined below) against any of the Released Parties (as defined below) (i) that have been asserted in the Action (whether pleaded in the Complaint or not), or (ii) that could have been asserted in the Action or in any other court, tribunal, proceeding, or forum by the Lead Plaintiff or the Settlement Class Members or any of them against any of the Released Parties, which also arise out of, relate to, or are based on the Lead Plaintiff's or the Settlement Class Members' acquisition of National City common stock pursuant or traceable to the Registration Statement, or in connection with the Fidelity Acquisition; provided, however, that the Released Claims shall not include claims to enforce the Settlement contemplated by the Stipulation.

3.      "Unknown Claims" mean claims that Lead Plaintiff, for himself and on behalf of the Settlement Class, and Defendants do not know or suspect to exist at the time of the release, which if known, might have affected the decision to enter into this release or to object or not object to the Settlement, and the Parties agree that Lead Plaintiff and Defendants shall have waived, and each member of the Settlement Class shall be deemed to waive, and shall waive, and relinquish to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by any law of the United States or any state or territory of the United States, or principle of common law, or any other law, that governs or limits a person's release of unknown claims; further that (i) Lead Plaintiff, for himself and on behalf of the Settlement Class, and Defendants shall be deemed to waive, and shall waive and relinquish, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

(ii) Lead Plaintiff, for himself and on behalf of the Settlement Class, and Defendants also shall be deemed to waive any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, or any other law, that is similar, comparable or equivalent to Section 1542 of the California Civil Code; and (iii) Lead Plaintiff, for himself and on behalf of the Settlement Class, and Defendants acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention, as Lead Plaintiff, for himself and on behalf of the Settlement Class, and Defendants to fully, finally and forever settle and release any and all claims released hereby, known or unknown, suspected or unsuspected,

which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery or existence of such additional or different facts.

4.     "Released Parties" mean the Defendants and any and all of their families, parent entities, associates, affiliates, predecessors, successors or subsidiaries and each and all of their respective past or present officers, directors, executives, partners, stockholders, representatives, employees, attorneys, financial or investment advisors, consultants, accountants, auditors, investment bankers, commercial bankers, insurers, advisors or agents, heirs, executors, trustees, general or limited partners or partnerships, personal representatives, estates, administrators, predecessors, successors, assigns and any other representatives of any of these persons or entities.

5.     "Released Defendants' Claims" mean and includes any and all claims, debts, rights, actions or causes of action, liabilities, damages, losses, obligations, judgments, suits, matters and issues of any kind or nature whatsoever (including, but not limited to, any claims for interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liabilities whatsoever), whether based on United States federal, state, local, statutory or common law, or any other law, rule or regulation, whether foreign or domestic, fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether class or individual in nature, including both known claims and Unknown Claims (as defined above), that have been or could have been asserted in the Action or in any other court, tribunal, proceeding, or forum by any of the Defendants or any insurer who contributes to the funding of the Settlement Fund or the heirs, executors, administrators, successors and assigns of any of them against the Lead Plaintiff, any of the Settlement Class Members, any of their attorneys, and their heirs, executors, administrators, successors and assigns, which arise out of or relate to or are based on the institution, prosecution, or settlement of the Action; provided, however, that the Released Defendants' Claims shall not include claims to enforce the Settlement contemplated by the Stipulation.

6.     Upon the Effective Date of the Settlement, and without any further action, notice, condition or event, the Lead Plaintiff shall dismiss the Action with prejudice, and without an assessment of costs against any party, and the Lead Plaintiff and Settlement Class Members on behalf of themselves, their heirs, executors, administrators, successors and assigns, for good and valuable consideration the receipt and adequacy of which is hereby acknowledged shall, with respect to any and all Released Claims, fully, finally and forever release, extinguish, relinquish and discharge, and shall forever be enjoined from initiating, commencing or prosecuting, any and all Released Claims against any and all of the Released Parties, whether or not such Settlement Class Members have executed and delivered a Proof of Claim, participated in the Settlement, filed an objection to the Settlement, the Proposed Plan of Allocation, or any application by Lead Counsel for an award of Attorneys' Fees and Expenses, and whether or not the claims of such Settlement Class Members have been approved or allowed.  Nothing contained herein shall, however, bar any action or claim to enforce the terms of the Stipulation or the Final Judgment.

7.     Upon the Effective Date of the Settlement, and without any further action, the Defendants or any insurer who contributes to the funding of the Settlement Amount or the heirs, executors, administrators, successors and assigns of any of them, for good and valuable consideration the receipt and adequacy of which is hereby acknowledged shall, with respect to

any and all Released Defendants' Claims, fully, finally and forever release, extinguish, relinquish and discharge any and all Released Defendants' Claims, and shall forever be enjoined from initiating, commencing or prosecuting any and all Released Defendants' Claims against any and all of the Lead Plaintiff, Settlement Class Members, any of their attorneys, and their heirs, executors, administrators, successors and assigns.  Nothing contained herein shall, however, bar any action or claim to enforce the terms of the Stipulation or the Final Judgment.

8.　　　Upon approval of the Settlement by the Court and upon satisfaction of the other conditions to the Settlement, the Gross Settlement Fund will be distributed as follows: (A) to pay costs and expenses in connection with providing Notice to the members of the Settlement Class and administering the Settlement on behalf of the Class; (B) to pay Lead Counsel's attorneys' fees and reimbursement of expenses, if and to the extent allowed by the Court; (C) to pay the reasonable costs incurred in the preparation of any tax returns required to be filed on behalf of the Settlement Fund as well as the taxes (and any interest and penalties determined to be due thereon) owed by reason of the earnings of the Settlement Fund; (D) to pay any Court-approved Stipend to the Lead Plaintiff; and (E) subject to the approval by the Court of the Plan of Allocation, which is set forth below, the balance of the Settlement Fund (the "Net Settlement Fund"), shall be distributed in accordance with the Plan of Allocation to Settlement Class Members who submit valid, timely Proofs of Claim ("Authorized Claimants").  Approval of the Settlement is independent from approval of the Plan of Allocation, or any Fee and Expense Award, or an award of a Stipend to the Lead Plaintiff.  Any determination with respect to the Plan of Allocation or the award of attorneys' fees and costs or the award of a Stipend will not affect the Settlement, if approved.  Payments from the Net Settlement Fund in conformity with the Plan of Allocation, in the event of Court approval, shall be final and conclusive.

## IV.　PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS

The Net Settlement Fund, as defined in the Stipulation of Settlement, shall be distributed to those Settlement Class Members who file a timely and valid Proof of Claim in accordance with the following Plan of Allocation.

A.　　Definitions

1.　　　Except as indicated in this Plan of Allocation, the capitalized terms used herein shall have the meanings ascribed to them in the Stipulation.

2.　　　"Authorized Claimant" means a Settlement Class Member who submits a timely and valid Proof of Claim form to the Claims Administrator.

3.　　　"Purchase Price" means the lesser of (i) the price at which an Authorized Claimant purchased or otherwise acquired National City shares traceable to the Registration Statement or (ii) $35.90 (National City's stock price on January 5, 2007, the date National City's shares were issued to Fidelity Bankshares, Inc.'s shareholders).

B.      Calculation Of Recognized Losses

The Recognized Loss of all Authorized Claimants shall be determined as follows:

1.      For all persons or entities who acquired National City common stock in connection with the Fidelity Acquisition (*i.e.*, those prior Fidelity stockholders who exchanged their Fidelity shares for National City common stock as a result of the Fidelity Acquisition), the Recognized Loss of each Authorized Claimant shall be:

    i.      For shares sold on or before August 25, 2008, $35.90 minus the sale price.

    ii.     For shares that were not sold or that were sold after August 25, 2008, the Recognized Loss is the lesser of:

        a.      $35.90 minus the sale price; or

        b.      $35.90 minus $4.78 (the publicly-traded price of National City shares on August 25, 2008, the date the Complaint in this Action was filed).

2.      Persons and entities who purchased or otherwise acquired National City common stock subsequent to January 5, 2007 and who can conclusively establish that their National City shares can be traced to the Registration Statement (*e.g.,* shares acquired in a private transaction directly or indirectly from a former Fidelity shareholder who acquired shares of National City in the Fidelity Acquisition) must submit documentation establishing conclusively that such shares are in fact traceable to the Fidelity Acquisition.  For such persons or entities, if any, the Recognized Loss shall be:

    i.      For shares sold on or before August 25, 2008, the Purchase Price minus the sale price.

    ii.     For shares that were not sold or that were sold after August 25, 2008, the Recognized Loss is the lesser of:

        a.      The Purchase Price minus the sale price; or

        b.      The Purchase Price minus $4.78.

Each Authorized Claimant shall receive a pro rata share of the Net Settlement Fund.  An Authorized Claimant's share of the Net Settlement Fund shall be determined by dividing his, her or its Recognized Loss by the aggregate Recognized Loss of all Authorized Claimants, which calculation results in a fraction.  That fraction, multiplied by the Net Settlement Fund, determines the Authorized Claimant's pro rata share of the Net Settlement Fund.

For Authorized Claimants with multiple transactions in National City shares that are subject to this settlement, the First In-First Out method shall be used to calculate such Authorized Claimant's Recognized Loss. Trade date, as opposed to settlement or payment date, shall be used for all such calculations, and brokerage commissions and other transaction costs shall be excluded from such calculations.

In order to reduce the expense of administration, and maximize the ratio of recovery to administration expense, an Authorized Claimant whose pro rata share of the Net Settlement Fund is less than $10.00 shall not receive a distribution, and such de minimis share shall be reallocated among the remaining Authorized Claimants.

National City shares acquired in the Fidelity Acquisition and subsequently conveyed by means of gift, inheritance or operation of law, shall be eligible to share in the Net Settlement Fund only if the transferor or donor of such shares would have been entitled to share in the Net Settlement Fund based on his, her or its acquisition of National City shares in the Fidelity Acquisition. If the transferor or donor submits a claim relating to his, her or its acquisition of such shares in the Fidelity Acquisition, then any claim submitted by a transferee with respect to such shares shall be rejected.

The Recognized Loss for Authorized Claimants with multiple transactions in National City shares acquired in the Fidelity Acquisition shall be determined on an aggregate basis. Any claimant who recognized a net aggregate gain on multiple transactions in National City shares acquired in the Fidelity Acquisition shall have no Recognized Loss, and shall not receive a distribution from the Net Settlement Fund.

The Recognized Loss figures reflected in this Plan of Allocation WILL NOT be the amount that you recover from the Settlement. The Recognized Loss will simply be an amount, based on the damages provisions of the Securities Act, that is used to calculate your share in the Net Settlement Fund. It is anticipated that the total aggregate Recognized Loss of all Authorized Claimants will substantially exceed the amount of the Net Settlement Fund, and Authorized Claimants will therefore recover less than their calculated Recognized Loss.

The Court will retain jurisdiction over the Plan of Allocation to the extent necessary to ensure that it is fully and fairly implemented.

## V.    THE RIGHTS OF CLASS MEMBERS

Settlement Class Members have the following rights pursuant to Rule 23(c)(2) of the Federal Rules of Civil Procedure:

(a)     Settlement Class Members may share in the proceeds of the Settlement, provided that you submit a timely and valid Proof of Claim, as outlined in Section VI below.

(b)     Settlement Class Members will be represented by Lead Counsel unless you enter an appearance, either on your own behalf or through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file an appearance on your behalf on or before [21 days prior to the Settlement

Hearing], and must serve copies of the appearance on the attorneys listed in Section IX of this Notice.

(c)     Settlement Class Members may object to the Settlement, the Plan of Allocation, the attorneys' fees and/or expense application, or the award of a Stipend to Lead Plaintiff.  Any Settlement Class Member may appear in person or by counsel and be heard to the extent allowed by the Court in opposition to the fairness, reasonableness and adequacy of the Settlement, the Plan of Allocation, the application for an award of attorneys' fees and reimbursement of expenses, or the award of a Stipend to Lead Plaintiff by following the procedures outlined in Section IX below.

(d)     Settlement Class Members may exclude themselves from the Settlement Class by following the procedures set forth in Section VII below.

## VI.    FILING AND PROCESSING OF PROOFS OF CLAIM

TO BE ELIGIBLE TO RECEIVE ANY DISTRIBUTION FROM THE NET SETTLEMENT FUND, YOU MUST COMPLETE AND SIGN THE ATTACHED PROOF OF CLAIM AND RELEASE FORM AND SEND IT BY PRE-PAID FIRST CLASS MAIL POST-MARKED ON OR BEFORE _____, 2011, ADDRESSED AS FOLLOWS:

Claims Administrator
National City-Fidelity Bankshares Acquisition Settlement
c/o _____
P.O. Box _____
_____

IF YOU DO NOT FILE A PROPER PROOF OF CLAIM FORM, YOU WILL NOT BE ENTITLED TO ANY SHARE OF THE SETTLEMENT FUND.

IF YOU ARE A SETTLEMENT CLASS MEMBER AND YOU DO NOT EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS, YOU WILL BE BOUND BY THE SETTLEMENT AND FINAL JUDGMENT OF THE COURT DISMISSING THIS LITIGATION, EVEN IF YOU DO NOT FILE A PROOF OF CLAIM.

All Proofs of Claim must be submitted by the date specified by this Notice unless such period is extended by Order of the Court.

Any claimant whose Proof of Claim has been rejected in whole or in part, and who desires to contest such rejection must, within 20 days after the date of mailing of the rejection of the Proof of Claim, serve upon:

Claims Administrator
National City-Fidelity Bankshares Acquisition Settlement
c/o _____
P.O. Box _____
_____

a notice and statement of reasons indicating the claimant's grounds for contesting the rejection, along with any supporting documentation.

Each claimant shall be deemed to have submitted to the jurisdiction of the United States District Court for the Northern District of Ohio with respect to his, her or its claim.

## VII.  EXCLUSION FROM THE SETTLEMENT CLASS

All members of the Settlement Class have the option to exclude themselves from the Settlement Class by mailing via first-class mail, postage prepaid, a valid, timely request for exclusion, postmarked on or before _____, 2010 [21 days before the Settlement Hearing], to:

Claims Administrator
National City-Fidelity Bankshares Acquisition Settlement
c/o _____
P.O. Box _____
_____

Your Request for Exclusion must include your name (and the name of any joint owner of the stock), your address, your Social Security or Employer Identification number, the number of shares of National City common stock acquired by you pursuant to and/or traceable to the Registration Statement filed in connection with the Fidelity Acquisition, the date(s) of such acquisition(s) and/or sale(s), the price paid or number of shares exchanged on each acquisition, the number of such shares sold (if any) and the price received on each such sale.  Your Request for Exclusion should specifically state that you request to be excluded from the settlement in Reagan v. National City Corporation, 1:08-nc-70015-SO (N.D. Ohio).  Any request for exclusion must be signed by the person requesting exclusion.  In the case of a corporation or partnership, an officer of the corporation or general partner must sign the request for exclusion.

If a request for exclusion is not submitted in a timely manner, or does not include all the information required by this Notice, or is not signed as provided in this Notice, the request for exclusion is invalid.  A member of the Settlement Class who files an invalid request for exclusion remains a Settlement Class Member.

Persons or entities who properly file requests for exclusion from the Settlement Class will not be Settlement Class Members.  Excluded Persons will have no rights under the Settlement, will receive no payment from the Settlement Fund, and will not be bound by the releases set forth in the Stipulation.

## VIII.  SETTLEMENT HEARING

At the Settlement Hearing, the Court will determine whether to finally approve this Settlement and Plan of Allocation, the applications for an award of attorneys' fees and reimbursement of expenses and an award of a Stipend to Lead Plaintiff, and to dismiss the Action and the claims of the Settlement Class.  The Settlement Hearing may be adjourned from time to time by the Court without further written notice to the Settlement Class.

If you are a Settlement Class Member who has not properly filed a request for exclusion from the Settlement Class you can object to the Settlement or any of its terms, the Plan of Allocation, the application for an award of attorneys' fees and reimbursement of expenses, or the award of a Stipend to Lead Plaintiff.  You may write to the Court setting out your objection.  You may give reasons why you think the Court should not approve any or all of the Settlement terms or arrangements.  The Court will consider your views if you file a proper objection within the deadline identified, and according to the following procedures.

To object, you must send a signed letter stating that you object to the proposed settlement in Reagan v. National City Corporation, 1:08-nc-70015-SO (N.D. Ohio).  You must include in your objection your name, address, telephone number, and your signature, and you must identify the date(s), price(s), and number(s) of your purchases and sales of National City common stock traceable to the Registration Statement.  You must also state the reasons why you object to the Settlement.  In no event shall any paper or brief submitted by any such person be accepted or considered by the Court, unless, on or before [21 days prior to the Settlement Hearing], such person files with the Clerk of Court and serves on the counsel set forth below notice of such person's objection, together with a statement that indicates the basis for such objection, along with any documentation in support of such objection, together with copies of any other papers or briefs setting forth the basis for the objection, at the addresses shown below:

Clerk of the Court
United States District Court
Northern District of Ohio
Carl B. Stokes United States Court House
801 West Superior Avenue
Cleveland, Ohio 44113-1838
Re: Reagan v. National City Corporation, 1:08-nc-70015-SO

Plaintiff's Lead Counsel:

Michael J. Pucillo, Esq.
Wendy H. Zoberman, Esq.
Berman DeValerio
4280 Professional Center Drive
Suite 350
Palm Beach, Florida 33410

Defendants' counsel:

John M. Newman, Jr., Esq.
Geoffrey J. Ritts, Esq.
Jones Day
North Point, 901 Lakeside Avenue
Cleveland, Ohio 44144

Unless otherwise ordered by the Court, any Settlement Class Member who does not make his, her or its objection or opposition in the manner provided shall be deemed to have waived such objection (in this proceeding, on any appeal or in any other proceeding).

If you object to the Settlement, you may ask the Court for permission to speak at the Settlement Fairness Hearing.  To do so, you must include with your objection a statement stating that it is your "Notice of Intention to Appear in Reagan v. National City Corporation, 1:08-nc-70015-SO."  Persons who intend to object to the Settlement, the Plan of Allocation, counsel's application for an award of attorneys' fees and expenses, and/or the award of a Stipend to Lead Plaintiff and desire to present evidence at the Fairness Hearing must include in their written objections the identity of any exhibits they intend to introduce into evidence at the Settlement Fairness Hearing.  You cannot speak at the hearing if you excluded yourself from the Settlement Class or if you have not provided written notice of your intention to speak at the Settlement Fairness Hearing by the deadline identified, and in accordance with the procedures described in this Notice.

## IX.    TERMINATION OF THE SETTLEMENT

The Stipulation may be terminated for several reasons, including if (1) the Court does not approve, or materially modifies, the Settlement or (2) the Court approves the Settlement but the approval is reversed or materially modified by an appellate court.  If the Settlement is terminated, the certification of the Settlement Class for settlement purposes will be vacated, the Settlement Amount will be returned to Defendants and the Action will proceed as if the Stipulation had not been entered into.

## X.    NOTICE TO BANKS, BROKERS OR OTHER NOMINEES

If you acquired National City common stock in connection with the Fidelity Acquisition as a nominee for the benefit of another, you are directed within ten (10) calendar days from receipt of this Notice to either (a) provide the names and addresses of such persons to the Claims Administrator, National City-Fidelity Bankshares Acquisition Settlement, c/o _____, P.O. Box _____, _____, in which case the beneficial owner will be sent a copy of the Notice; or (b) request additional copies of this Notice, which will be provided to you free of charge, and within ten (10) calendar days of receipt of those copies, mail the Notice and Proof of Claim form via first-class mail, postage prepaid, to the beneficial owners of the securities referred to herein.  You may receive reimbursement for your reasonable expense actually incurred in sending the Notice and the Proof of Claim to beneficial owners upon timely submission to the Claims Administrator of proper documentation of such expense and confirmation that the mailing was made as directed.

## XI.    FURTHER INFORMATION

A.    This notice summarizes the proposed Settlement.  More details are in a Stipulation and Agreement of Settlement dated September 1, 2010 (the "Stipulation").  You can get a copy of the Stipulation by visiting [_____].

B.    The pleadings and other records in the Action may be examined and copied at any time during regular office hours at the Office of the Clerk, Northern District Of Ohio, Eastern

Division, Carl B. Stokes United States Court House, 801 West Superior Avenue, Cleveland, Ohio 44113-1838.

C.     ALL INQUIRIES CONCERNING THIS NOTICE OR THE PROOF OF CLAIM FORM SHOULD BE MADE TO LEAD COUNSEL AT THE ADDRESS AND TELEPHONE NUMBER LISTED IN SECTION 1(E) ABOVE, OR TO THE CLAIMS ADMINISTRATOR IN WRITING AT THE ADDRESS LISTED ABOVE OR BY CALLING (800) _____. DO NOT CALL OR WRITE THE COURT OR THE OFFICE OF THE CLERK OF THE COURT OR DEFENDANTS' COUNSEL FOR INFORMATION OR ADVICE.

Pending final determination of whether the Settlement should be approved, the Court has ordered that Lead Plaintiff and all Settlement Class Members are barred and enjoined from instituting, commencing or prosecuting any action in any court or tribunal that asserts any Released Claims against any Released Parties.

Dated: _____, 2010                Clerk of the Court
                                                 United States District Court
                                                 Northern District of Ohio

16

**EXHIBIT 2**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

_____     )
                                      )
IN RE NATIONAL CITY                   )     Case No. 1:08-nc-70000
CORPORATION SECURITIES                )
DERIVATIVE & ERISA LITIGATION         )     Judge Solomon Oliver, Jr.
_____     )
                                      )
THIS DOCUMENT RELATES TO:             )
                                      )
*Reagan v. National City Corporation, et al.*  )
(1:08-nc-70015)                       )
_____     )

## PROOF OF CLAIM AND RELEASE

**DEADLINE FOR SUBMISSION:  _____, 2011.**

IF YOU ACQUIRED SHARES OF NATIONAL CITY CORPORATION ("NATIONAL CITY") COMMON STOCK PURSUANT TO AND/OR TRACEABLE TO THE REGISTRATION STATEMENT FILED WITH THE SECURITIES AND EXCHANGE COMMISSION IN CONNECTION WITH NATIONAL CITY'S ACQUISITION OF FIDELITY BANKSHARES, INC. (THE "REGISTRATION STATEMENT") THEN YOU MAY BE A SETTLEMENT CLASS MEMBER ENTITLED TO SHARE IN THE SETTLEMENT PROCEEDS IN REAGAN V. NATIONAL CITY CORPORATION, 1:08-NC-70015-SO, PENDING IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO  (THE "ACTION").

## INSTRUCTIONS FOR FILING PROOF OF CLAIM

In order for you to qualify to participate in the settlement distribution in the Action as described in the Notice of Pendency of Class Action, Proposed Settlement of Class Action, Settlement Fairness Hearing, and Right to Share in Settlement Fund (the "Notice"), you must

execute and file a Proof of Claim and Release in the form attached hereto and you must provide the required documentation to substantiate your claim.  If you fail to timely file a properly addressed (as set forth in ¶ 4 below) Proof of Claim and Release, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed settlement of this Action.  If you are a member of the Settlement Class and you did not timely and validly request exclusion in connection with the proposed settlement, you are bound by the terms of any judgment entered in the Action, including the releases provided therein, regardless of whether you submit a timely and valid proof of claim.

## **REQUIREMENTS FOR FILING**

Your claim will be considered only upon compliance with all of the following conditions:

1.   You must accurately complete all portions of the attached Proof of Claim form.

**NOTE:**  The Proof of Claim contains holding, acquisition and sale schedules for National City common stock.  You must carefully complete these schedules.  Do not omit to state any of the requested information regarding your holdings, acquisitions and sales of National City common stock.  This information is necessary to determine your share of any distributions of the Net Settlement Fund.  If you cannot list all transactions in the spaces provided in the Proof of Claim form, or if you believe that you must or should supply additional information with respect to any transaction, attach additional sheets to the Proof of Claim form supplying the required information.  You must be properly identified on each additional sheet of paper.  The date of acquisition and sale is the "trade" date, and not the "settlement" or "payment" date.  The sales price is the price received less commissions or other expenses.

2.   You must <u>sign</u> the Proof of Claim form.

2

**NOTE:**  If the securities were or are owned jointly, all joint owners must sign the Proof of Claim.  Executors, administrators, guardians, conservators and trustees may complete and sign the Proof of Claim on behalf of persons or entities represented by them, but they must identify such persons or entities and provide proof of their authority (for example, currently effective letters testamentary or letter of administration) to complete and execute the Proof of Claim.  Any Proof of Claim submitted by legal representatives of a claimant must be executed by all such representatives.

3.  You must attach to the Proof of Claim form legible copies of broker confirmation slips, monthly brokerage statements or other satisfactory proof confirming the particulars of each acquisition and sale you made of National City common stock that was acquired in connection with the Fidelity Acquisition or that was otherwise traceable to the Registration Statement.  **IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR BROKER OR TAX ADVISOR BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM.**

4.  You must mail the completed and signed Proof of Claim and supporting documents by first-class mail, postage prepaid, postmarked no later than _____, 2011 to:

Claims Administrator
National City-Fidelity Bankshares Acquisition Settlement
c/o _____
P.O. Box _____
_____

3

Your failure to complete and mail the Proof of Claim by that date may preclude you from receiving any share of the Net Settlement Fund.  So that you will have a record of the date of your mailing and its receipt by the Claims Administrator, you are advised to use certified mail, return receipt requested.  <u>Please keep a copy of all documents that you send to the Claims Administrator</u>.

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.  THANK YOU FOR YOUR PATIENCE.**

**Reminder Checklist:**

1.  Remember to sign the Certification section of the Proof of Claim and Release.

2.  Remember to attach only **copies** of acceptable supporting documentation, a complete list of which can be found on our website.

3.  Do not send original stock certificates.

4.  Keep a copy of the completed Proof of Claim and Release for your records.

5.  If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested, or its equivalent.

6.  If you move after submitting your claim form, please send us your new address.

7.  If you have any questions or concerns regarding your claim, please contact:

Claims Administrator
National City-Fidelity Bankshares Acquisition Settlement
c/o _____
P.O. Box _____
_____
Telephone:
Facsimile:
Website:

4

## I.   **<u>CLAIMANT IDENTIFICATION</u>** (*Please Print or Type*)

_____

Beneficial Owner's Name (*as it appears on your brokerage statement*)

_____

Joint Beneficial Owner's Name (*as it appears on your brokerage statement*)

_____

Street Address

_____        _____    _____

City                                                       State           Zip Code

_____        _____

Foreign Province                                   Foreign Country

_____   **or**   _____

Social Security No.                                Taxpayer Identification No.

Specify one of the following:

_____  Individual(s)  _____  Corporation  _____  UGMA Custodian

_____  Partnership  _____  Estate  _____  Trust  _____  Other:_____

_____   _____ (Work)   _____   _____(Home)

Area Code     Telephone Number                 Area Code     Telephone Number

_____        _____

Facsimile Number                                   E-Mail Address

_____

Record Owner's Name and Address (*if different from beneficial owner listed above*)

_____

**(Legal Representative of Claimants must attach Power of Attorney or the instrument showing authority to act as agent.)**

5

## II.    HOLDINGS/TRANSACTIONS IN NATIONAL CITY COMMON STOCK

**PRE-FIDELITY ACQUISITION HOLDINGS:** Number of shares of National City common stock owned as of January 4, 2007:

**ACQUISITIONS:**

      A.    Number of shares of National City common stock acquired on January 5, 2007 in connection with the Fidelity Acquisition:

      B.    Persons and entities who purchased National City common stock in the open market between January 5, 2007 and August 25, 2008 are not part of the Settlement Class, and will not receive any portion of the Net Settlement Fund, unless such shares can be traced to the Registration Statement.  If you acquired National City common stock subsequent to the Fidelity Acquisition that can be traced to the Registration Statement (*e.g.*, in a private transaction from a former Fidelity shareholder who acquired shares of National City in the Fidelity Acquisition), you <u>must</u> provide documentation establishing conclusively that such shares are traceable to the Registration Statement.  Acquisitions of National City common stock between January 5, 2007 and August 25, 2008 traceable to the Registration Statement:

| Acquisition Date(s) (List Chronologically) | Number of Shares of Common Stock Acquired | Acquisition Price Per Share of Common Stock | Total Proceeds (excluding commission, taxes and fees) |
|---|---|---|---|
|  |  |  |  |
|  |  | $ | $ |
|  |  | $ | $ |
|  |  | $ | $ |
|  |  | $ | $ |
|  |  | $ | $ |
|  |  | $ | $ |
|  |  |  |  |

**SALES:** Sales of National City common stock on or after January 5, 2007:

6

| Trade Date(s) of Sale(s) (List Chronologically) | Number of Shares of Common Stock Sold | Sale Price Per Share of Common Stock | Total Proceeds (excluding commission, taxes and fees) |
|---|---|---|---|
| _____ | _____ | $ | $ |
| _____ | _____ | $ | $ |
| _____ | _____ | $ | $ |
| _____ | _____ | $ | $ |
| _____ | _____ | $ | $ |
| _____ | _____ | $ | $ |

**UNSOLD:** Number of shares of National City common stock owned as of December 31, 2008:

## III.    SUBSTITUTE FORM W-9

Request for Taxpayer Identification Number:

Enter taxpayer identification number below for the Beneficial Owner(s).  For most individuals, this is your Social Security number.  The Internal Revenue Service ("I.R.S.") requires such taxpayer identification number.  If you fail to provide this information, your claim may be rejected.

_____ Social Security Number (for individuals) or

_____ Employer Identification Number (for estates, trusts, corporations, etc.)

## IV.    CERTIFICATION

1.      By submitting this Proof of Claim, I (we) state that I (we) believe in good faith that I am a Settlement Class Member (we are Settlement Class Members) as defined in the Notice, or am acting for such person; that I am (we are) not a Defendant in the action or anyone excluded from the Settlement Class; that I (we) have read and understand the Notice; that I (we)

believe that I am (we are) entitled to receive a share of the Net Settlement Fund; that I (we) elect to participate in the proposed Settlement described in the Notice; and that I (we) have not filed a request for exclusion.

2.    I (We) have set forth where requested below all relevant information with respect to each acquisition and/or sale of National City Corporation common stock acquired in connection with the Fidelity Acquisition or otherwise traceable to the Registration Statement and my (our) relevant holdings of National City common stock.

3.    I (We) have enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements or other documents evidencing each acquisition and each sale or retention of National City common stock, and my (our) relevant holdings of National City common stock, listed below in support of my (our) claim.

4.    I (We) understand that the information contained in this Proof of Claim is subject to such verification as the Court may direct, and I (we) agree to cooperate in any such verification.  I (We) further agree and understand that if the proposed Settlement is approved by the Court and becomes effective, all claims, demands, or causes of action against any or all Defendants, and certain other persons or entities further identified below, which have been or could have been asserted relating to the subject matter of the Action will be satisfied, discharged and extinguished forever.

5.    Upon the occurrence of the Effective Date (as defined in the Stipulation) my (our) signature(s) hereto will constitute a full and complete release, remise and discharge by me (us) or, if I am (we are) submitting this Proof of Claim on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by my, its, his, her or their heirs, executors, administrators, successors, and assigns, of each of the "Released Parties" of all

8

"Released Claims," as defined below, and I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release, relinquish and discharge from, and covenant not to sue with respect to, the Released Claims as to each and all of the Released Parties.

"Released Claims" mean and includes any and all claims, debts, demands, rights, actions, or causes of action, liabilities, damages, losses, obligations, judgments, suits, matters and issues of any kind or nature whatsoever (including, but not limited to, any claims for interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liabilities whatsoever), whether based on United States federal, state or local statutory or common law or any other law, rule or regulation, whether foreign or domestic, fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether class, individual or derivative in nature, including both known claims and Unknown Claims (as defined below) against any of the Released Parties (as defined below) (i) that have been asserted in the Action (whether pleaded in the Complaint or not), or (ii) that could have been asserted in the Action or in any other court, tribunal, proceeding, or forum by the Lead Plaintiff or the Settlement Class Members or any of them against any of the Released Parties, which also arise out of, relate to, or are based on the Lead Plaintiff's or the Settlement Class Members' acquisition of National City common stock pursuant or traceable to the Registration Statement, or in connection with the Fidelity Acquisition; provided, however, that the Released Claims shall not include claims to enforce the Settlement contemplated by the Stipulation.

"Unknown Claims" mean claims that Lead Plaintiff, for himself and on behalf of the Settlement Class, and Defendants do not know or suspect to exist at the time of the release, which if known, might have affected the decision to enter into this release or to object or not

9

object to the Settlement, and the Parties agree that Lead Plaintiff and Defendants shall have waived, and each member of the Settlement Class shall be deemed to waive, and shall waive, and relinquish to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by any law of the United States or any state or territory of the United States, or principle of common law, or any other law, that governs or limits a person's release of unknown claims; further that (i) Lead Plaintiff, for himself and on behalf of the Settlement Class, and Defendants shall be deemed to waive, and shall waive and relinquish, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

(ii) Lead Plaintiff, for himself and on behalf of the Settlement Class, and Defendants also shall be deemed to waive any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, or any other law, that is similar, comparable or equivalent to Section 1542 of the California Civil Code; and (iii) Lead Plaintiff, for himself and on behalf of the Settlement Class, and Defendants acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention, as Lead Plaintiff, for himself and on behalf of the Settlement Class, and Defendants to fully, finally and forever settle and release any and all claims released hereby, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery or existence of such additional or different facts.

"Released Parties" mean the Defendants and any and all of their families, parent entities, associates, affiliates, predecessors, successors or subsidiaries and each and all of their  respective past or present officers, directors, executives, partners, stockholders, representatives, employees, attorneys, financial or investment advisors, consultants, accountants, auditors,   investment bankers, commercial bankers, insurers, advisors or agents, heirs, executors, trustees, general or limited partners or partnerships, personal representatives, estates, administrators, predecessors, successors, assigns and any other representatives of any of these persons or entities.

Any capitalized terms not otherwise defined in this Proof of Claim shall have the meaning set forth in the Stipulation, a copy of which (with exhibits) may be obtained as explained in the Notice.

6.     I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(c) of the Internal Revenue Code because: (a) I am (We are) exempt from backup withholding, or (b) I (We) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the I.R.S has notified me (us) that I am (we are) no longer subject to backup withholding.

**Note:**  If you have been notified by the Internal Revenue Service that you are subject to backup withholding, check this box.  ☐

If you are not a U.S. Resident or U.S. Resident Alien, check this box.  ☐

I (We) have read the foregoing Proof of Claim and Release and declare, under penalty of perjury, that all of the information contained herein, and in the documents attached hereto, is true, correct and complete to the best of my (our) knowledge, information and belief, and that this form was executed on the ____ day of _____, 20___, in _____, _____.

(City)        (State/Country)

_____

Signature of Claimant

_____

(Print your name here)

_____

Signature of Joint Claimant, if any

_____

(Print your name here)

_____

Signature of person signing on behalf of Claimant

_____

(Print your name here)

_____

Capacity of person signing on behalf of Claimant, if
other than an individual, *e.g.*, Executor, President,
Custodian, etc.)

**EXHIBIT 3**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

_____ )
                                  )
IN RE NATIONAL CITY               )     Case No. 1:08-nc-70000
CORPORATION SECURITIES,           )
DERIVATIVE & ERISA LITIGATION     )     Judge Solomon Oliver, Jr.
_____ )
                                  )
THIS DOCUMENT RELATES TO:         )
                                  )
*Reagan v. National City Corporation, et al.* )
(1:08-nc-70015)                   )
_____)

<u>**SUMMARY NOTICE OF PROPOSED SETTLEMENT
AND SETTLEMENT HEARING**</u>

**TO:   ALL PERSONS OR ENTITIES WHO ACQUIRED SHARES OF NATIONAL
CITY CORPORATION COMMON STOCK PURSUANT TO AND/OR
TRACEABLE TO THE REGISTRATION STATEMENT FILED WITH THE SEC
IN CONNECTION WITH NATIONAL CITY'S ACQUISITION OF FIDELITY
BANKSHARES, INC. AND WHO WERE DAMAGED THEREBY (THE
"SETTLEMENT CLASS").**

**THIS NOTICE WAS AUTHORIZED BY THE COURT.  IT IS NOT A LAWYER
SOLICITATION.  PLEASE READ THIS NOTICE CAREFULLY AND IN ITS
ENTIRETY.**

**YOU ARE HEREBY NOTIFIED,** pursuant to Rule 23 of the Federal Rules of Civil Procedure

and an order of the United States District Court for the Northern District of Ohio, that a hearing

will be held on _____, 2010, at ____ ___.M., before the Honorable Solomon Oliver, Jr.,

at the Carl B. Stokes United States District Court House, 801 West Superior Avenue, Cleveland,

Ohio 44113-1838, for the purpose of determining: (i) whether the proposed Settlement of this

Action for Eleven Million Dollars ($11,000,000) cash, plus accrued interest, should be approved by the Court as fair, reasonable and adequate; (ii) whether an Order and Final Judgment approving the Settlement and dismissing this Action on the merits and with prejudice should be entered; (iii) whether the release by the Settlement Class of the Released Claims, as set forth in the Stipulation, should be provided to the Released Parties; (iv) whether the proposed Plan of Allocation is a fair and reasonable method to allocate settlement proceeds; (v) whether the application of Plaintiff's Lead Counsel for an award of attorneys' fees and expenses should be approved; and (vi) whether the Lead Plaintiff should be awarded a Stipend to compensate him for reasonable time and expense relating to the prosecution of this Action.

IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS DESCRIBED ABOVE, YOUR RIGHTS MAY BE AFFECTED AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT FUND.  To share in the distribution of the Settlement Fund, you must establish your rights by filing a Proof of Claim on or before _____, 2011.  Your failure to submit your Proof of Claim by _____, 2011 will subject your claim to rejection and preclude your receiving any of the recovery in connection with the Settlement of this Action.  If you are a member of the Settlement Class and do not request exclusion from the Class, you will be bound by the Settlement and any judgment and release entered in the Action, including, but not limited to, the Final Judgment, whether or not you submit a Proof of Claim.

If you have not yet received the full printed Notice of Pendency of Class Action, Proposed Settlement of Class Action, Settlement Fairness Hearing, and Right to Share in Settlement Fund and a Proof of Claim form, you may obtain copies of these documents by identifying yourself as a member of the Settlement Class and contacting:

Claims Administrator
National City-Fidelity Bankshares Acquisition Settlement

c/o _____
P.O. Box _____
_____
**[phone number]**


All inquiries, other than requests for the forms of Notice and Proof of Claim, should be

made in writing, addressed to Plaintiff's Lead Counsel:

Michael J. Pucillo, Esq.
Wendy H. Zoberman, Esq.
Berman DeValerio
4280 Professional Center Drive
Suite 350
Palm Beach, Florida 33410
Tel:     (561) 835-9400


IF YOU DESIRE TO BE EXCLUDED FROM THE CLASS, YOU MUST SUBMIT A
REQUEST FOR EXCLUSION BY _____, 2010, IN THE MANNER AND FORM
EXPLAINED IN THE NOTICE.  ALL MEMBERS OF THE CLASS WHO HAVE NOT
REQUESTED EXCLUSION FROM THE CLASS WILL BE BOUND BY THE SETTLEMENT
ENTERED IN THE ACTION EVEN IF THEY DO NOT FILE A TIMELY PROOF OF
CLAIM.


IF YOU DESIRE TO OBJECT TO THE SETTLEMENT OR ANY OF ITS TERMS,
THE PLAN OF ALLOCATION, THE APPLICATION FOR AN AWARD OF ATTORNEYS'
FEES AND REIMBURSEMENT OF EXPENSES, OR THE AWARD OF A STIPEND TO
LEAD PLAINTIFF, YOU MUST SUBMIT AN OBJECTION BY _____, 2010, IN THE
MANNER AND FORM EXPLAINED IN THE NOTICE.


PLEASE DO NOT CALL OR WRITE THE COURT OR THE OFFICE OF THE
CLERK OF THE COURT OR DEFENDANTS' COUNSEL FOR INFORMATION OR
ADVICE.


Dated: _____          BY ORDER OF THE
                                       United States District Court
                                       Northern District of Ohio

**EXHIBIT B**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

_____ )
                                                          )
IN RE NATIONAL CITY                              )        Case No. 1:08-nc-70000
CORPORATION SECURITIES,                      )
DERIVATIVE & ERISA LITIGATION         )        Judge Solomon Oliver, Jr.
_____ )
                                                          )
THIS DOCUMENT RELATES TO:              )
                                                          )
*Reagan v. National City Corporation, et al.* )
(1:08-nc-70015)                                       )
_____ )

## ORDER AND FINAL JUDGMENT

THIS MATTER came before the Court for hearing on _____, 2010,

pursuant to the Order of this Court ("Preliminary Approval Order") to determine:  (1) whether

the proposed Settlement Class should be finally certified for the purposes of the Settlement; (2)

whether the terms and conditions of the Settlement set forth in the Stipulation and Agreement of

Settlement dated September 1, 2010 (the "Stipulation"), are fair, adequate and reasonable and

whether the Settlement should be approved, including the release of the Defendants and the

Released Parties; (3) whether judgment should be entered dismissing the Complaint on the

merits and with prejudice in favor of the Defendants as against Lead Plaintiff and the Settlement

Class Members; (4) whether to approve the Plan of Allocation as a fair and reasonable method to

allocate the settlement proceeds among the Settlement Class Members; (5) whether and in what

amount to award Plaintiff's Lead Counsel attorneys' fees and reimbursement of expenses; and (6)

whether and in what amount to award a compensatory Stipend to Lead Plaintiff.  Due and

adequate notice having been given to the Settlement Class as required by the Court's Preliminary Approval Order, and the Court having considered all papers filed in connection with the Settlement and being otherwise fully advised in the premises,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.      This Order and Final Judgment incorporates by reference the definitions in the Stipulation and all terms used herein shall have the same meaning as set forth in the Stipulation.

2.      This Court has jurisdiction over the subject matter of this Action and over all parties to the Stipulation, including all Settlement Class Members.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finally certifies the following Settlement Class for purposes of this Settlement only:

> All persons or entities who acquired shares of National City Corporation common stock pursuant to and/or traceable to the registration statement on Form S-4 filed by National City with the Securities and Exchange Commission and declared effective as of October 6, 2006, for approximately 14.5 million National City common shares to be exchanged for Fidelity common stock in connection with the Fidelity Acquisition (the "Registration Statement") and who were damaged thereby.  The Settlement Class excludes the Defendants, members of their immediate families, and their legal representatives, heirs, successors or assigns, and any entity in which Defendants had or have a controlling interest.  Also excluded from the Settlement Class are those persons or entities who properly excluded themselves from the Settlement Class, whose names are listed on Exhibit A to this Order and Final Judgment.

4.      Lead Plaintiff B.H. Reagan is appointed as class representative of the Settlement Class, and Plaintiff's Lead Counsel Berman DeValerio is appointed as counsel to the Settlement Class.

5.      The Court hereby makes the following findings of fact, conclusions of law, and determinations of mixed law/fact questions under Fed. R. Civ. P. 23(a)(1)-(4), (b)(3), (c)(1)(B), (e) and (g):

a.    The Settlement Class is so numerous that joinder of all members is impracticable.  The size of this group satisfies Fed. R. Civ. P. 23(a)(1).

b.    There are questions of law and fact common to the Settlement Class in satisfaction of Rule 23(a)(2).

c.    Lead Plaintiff's claims are typical of the claims of the members of the Settlement Class, in satisfaction of Rule 23(a)(3).  In the present case, the Lead Plaintiff alleges, among other things, that he acquired National City stock pursuant to the Registration Statement, and that the Registration Statement contained false or misleading statements in violation of the Securities Act of 1933.  Under these circumstances, the claims asserted by Lead Plaintiff are sufficiently typical of the claims asserted by the Settlement Class as a whole to satisfy Rule 23(a)(3).

d.    The requirements of Rule 23(a)(4) are also satisfied.  The Lead Plaintiff has no conflicting interests with absent members of the Settlement Class.  The Court is satisfied that Plaintiff's Lead Counsel are qualified, experienced, and prepared to represent the Settlement Class to the best of their abilities.

e.    The Settlement Class satisfies not only each requirement of Fed. R. Civ. P. 23(a), but also the requirements of Fed. R. Civ. P. 23(b)(3).  For purposes of this Settlement, the common issues pertaining to the members of the Settlement Class predominate over any issues affecting only individual members of the Settlement Class.  Certification of the Settlement Class is superior to other available methods for resolving the claims brought on behalf of the members of the Settlement Class, and there are no apparent problems with the manageability of the Settlement on behalf of the Settlement Class.  This is an appropriate case for settlement class certification under Fed. R. Civ. P. 23(b)(3).

    f.  The Court has also considered each of the elements required by Fed. R. Civ. P. 23(g) in order to ensure that Plaintiff's Lead Counsel have represented, and will represent, the interests of the Settlement Class fairly and adequately.  Plaintiff's Lead Counsel have done substantial work to identify and investigate potential claims in the Action.  They have refined the allegations through a Complaint and in subsequent associated filings with the Court. Plaintiff's Lead Counsel state that they have investigated the allegations made in the Complaint by interviewing witnesses, reviewing publicly available information, reviewing many pages of documents obtained from Defendants and others, and consulting with experts.  This is the type of investigation that is proper and sufficient at this stage of litigation, which tends to support the Court's finding that Plaintiff's Lead Counsel have represented, and will represent, the interests of the Settlement Class fairly and adequately.  Plaintiff's Lead Counsel have experience in handling class actions and claims of the type asserted in this Action.  Plaintiff's Lead Counsel have also demonstrated knowledge of the applicable law.  Finally, Plaintiff's Lead Counsel have devoted considerable resources to this litigation.  The Court concludes that efficient use of the various resources available to Plaintiff's Lead Counsel have been sufficient to represent the interests of the Settlement Class.

    g.  Neither the Plaintiffs nor the Defendants have, for the purposes of any form of estoppel, "prevailed" upon any argument or position related to class certification with respect to this Action and the Plaintiff would not be prejudiced if (i) this Settlement were not approved or such approval were reversed on appeal and (ii) the Defendants later objected to the certification of any proposed class in this Action.

   6.  Since on or about _____, 2010, approximately ___ copies of the Notice have been mailed to Settlement Class Members.  On or about _____, 2010, the

4

Publication Notice was published on _____.  The Court finds that the distribution of the Notice to the Settlement Class and publication of the Publication Notice as provided in the Preliminary Approval Order, advising of the pendency of this Action, the Settlement of this Action and the Settlement Fairness Hearing thereon, constituted the best notice practicable under the circumstances.  Said Notice provided due and adequate notice of these proceedings, the matters set forth herein, the Settlement, the Plan of Allocation, Lead Counsel's request for an award of attorneys' fees and expenses, and Lead Plaintiff's request for a compensatory Stipend. The Notice fully complied with the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 27(a)(7) of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(7) as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and the requirements of due process.  Due and adequate notice of the proceedings has been given to Settlement Class Members, and a full opportunity has been afforded to Settlement Class Members to object to the proposed Settlement or to seek to be excluded from the Settlement Class.

7.     Defendants have filed a Declaration of Compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.  Defendants timely mailed notice of the settlement agreement pursuant to 28 U.S.C. § 1715(b), including notices to the Attorney General of the United States of America, the Federal Reserve Board, the Office of the Comptroller of the Currency and the Attorneys General of all states in which members of the Settlement Class reside.  The notice contains the documents and information required by 28 U.S.C. § 1715(b)(1)-(8).  The Court finds that Defendants have complied in all respects with the requirements of 28 U.S.C. § 1715.

8.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation in all respects and finds that the Settlement is

in all respects fair, reasonable and adequate and in the best interests of the Settlement Class.  All Settlement Class Members, other than those persons and/or entities who properly excluded themselves from the Class as listed on Exhibit A to this Order and Final Judgment, are bound by this Order and Final Judgment.

9.      The Plan of Allocation described in the Notice is hereby approved as fair and reasonable, and Lead Counsel and the Claims Administrator are directed to administer the Plan of Allocation in accordance with its terms and provisions.  Any appeal or subsequent proceedings regarding the Court's approval of the Plan of Allocation shall in no way disturb or affect the finality of any other portion of this Order and Final Judgment or the Effective Date of the Settlement as provided for in the Stipulation.

10.     All persons who have not made their objections to the Settlement in the manner provided in the Notice are deemed to have waived any objections by appeal, collateral attack or otherwise.  [The Court has duly considered each objection to the Settlement that was filed, and the Court overrules each objection.]

11.     The Complaint is, upon the Effective Date of the Settlement, hereby dismissed with prejudice and without an assessment of court costs against any party.  The Court further finds that during the initiation, prosecution and defense of this Action, all Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

12.     Upon the Effective Date of the Settlement, Lead Plaintiff and all other members of the Settlement Class, on behalf of themselves, their heirs, executors, administrators, successors and assigns, are hereby deemed to have fully, finally, and forever released, extinguished, relinquished and discharged, and are hereby permanently barred and enjoined from

instituting, commencing or prosecuting, any and all claims, debts, demands, rights, actions, or

causes of action, liabilities, damages, losses, obligations, judgments, suits, matters and issues of

any kind or nature whatsoever (including, but not limited to, any claims for interest, attorneys'

fees, expert or consulting fees, and any other costs, expenses or liabilities whatsoever), whether

based on United States federal, state or local statutory or common law or any other law, rule or

regulation, whether foreign or domestic, fixed or contingent, accrued or unaccrued, liquidated or

unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether class,

individual or derivative in nature, including both known claims and Unknown Claims (as defined

below) (i) that have been asserted in the Action (whether pleaded in the Complaint or not), or (ii)

that could have been asserted in the Action or in any other court, tribunal, proceeding, or forum

by the Lead Plaintiff or the Settlement Class Members or any of them against any of the

Released Parties, which also arise out of, relate to, or are based on the Lead Plaintiff's or the

Settlement Class Members' acquisition of National City common stock pursuant or traceable to

the Registration Statement, or in connection with the Fidelity Acquisition ("Released Claims")

against any and all of the Defendants and any and all of their families, parent entities, associates,

affiliates, predecessors, successors or subsidiaries and each and all of their  respective past or

present officers, directors, executives, partners, stockholders, representatives, employees,

attorneys, financial or investment advisors, consultants, accountants, auditors,  investment

bankers, commercial bankers, insurers, advisors or agents, heirs, executors, trustees, general or

limited partners or partnerships, personal representatives, estates, administrators, predecessors,

successors, assigns and any other representatives of any of these persons or entities (the

"Released Parties"), regardless of whether such Settlement Class Members executed and

delivered a Proof of Claim, participated in the Settlement, filed an objection to the Settlement,

the proposed Plan of Allocation or any application by Lead Counsel for an award of attorneys' fees and expenses or by Lead Plaintiff for a Stipend, and regardless of whether any claim asserted by such Settlement Class Member has been approved or allowed.  The Released Claims are hereby compromised, settled, released, discharged and dismissed as against the Released Parties on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.  Nothing herein shall, however, bar any action or claim to enforce the terms of the Stipulation or this Order and Final Judgment.

13.    Upon the Effective Date of the Settlement, the Defendants, any insurer who contributed to the funding of the Settlement Fund, and the heirs, executors, administrators, successors and assigns of any of them, are hereby deemed to have fully, finally and forever released, extinguished, relinquished and discharged, and are hereby permanently barred and enjoined from instituting, commencing or prosecuting any and all claims, debts, rights, actions or causes of action, liabilities, damages, losses, obligations, judgments, suits, matters and issues of any kind or nature whatsoever (including, but not limited to, any claims for interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liabilities whatsoever), whether based on United States federal, state, local, statutory or common law, or any other law, rule or regulation, whether foreign or domestic, fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether class or individual in nature, including both known claims and Unknown Claims (as defined below), that have been or could have been asserted in the Action or in any other court, tribunal, proceeding, or forum by any of the Defendants or any insurer who contributed to the funding of the Settlement Fund or the heirs, executors, administrators, successors and assigns of any of them against the Lead Plaintiff, any of the Settlement Class Members, any of their attorneys, and their

heirs, executors, administrators, successors and assigns, which arise out of or relate to or are based on the institution, prosecution, or settlement of the Action (the "Released Defendants' Claims").   The Released Defendants' Claims are hereby compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.  Nothing herein shall, however, bar any action or claim to enforce the terms of the Stipulation or this Order and Final Judgment.

14.    "Unknown Claims" mean claims that Lead Plaintiff, for himself and on behalf of the Settlement Class, and Defendants do not know or suspect to exist at the time of the release, which if known, might have affected the decision to enter into this release or to object or not object to the Settlement, and the Parties agree that Lead Plaintiff and Defendants shall have waived, and each member of the Settlement Class shall be deemed to waive, and shall waive, and relinquish to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by any law of the United States or any state or territory of the United States, or principle of common law, or any other law, that governs or limits a person's release of unknown claims; further that (i) Lead Plaintiff, for himself and on behalf of the Settlement Class, and Defendants shall be deemed to waive, and shall waive and relinquish, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR;

(ii) Lead Plaintiff, for himself and on behalf of the Settlement Class, and Defendants also shall be deemed to waive any and all provisions, rights and benefits conferred by any law of any state

or territory of the United States, or principle of common law, or any other law, that is similar, comparable or equivalent to Section 1542 of the California Civil Code; and (iii) Lead Plaintiff, for himself and on behalf of the Settlement Class, and Defendants acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention, as Lead Plaintiff, for himself and on behalf of the Settlement Class, and Defendants to fully, finally and forever settle and release any and all claims released hereby, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery or existence of such additional or different facts.

15.    Upon the Effective Date of the Settlement, Lead Plaintiff, all Settlement Class Members and their heirs, executors, administrators, successors and assigns, and each of them, and anyone who acts or purports to act on their behalf, are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly, indirectly, or derivatively, any action in any court or tribunal that asserts any Released Claims against any Released Party.

16.    Upon the Effective Date of the Settlement, the Defendants, any insurer who contributed to the funding of the Settlement Fund, and the heirs, executors, administrators, successors and assigns, and each of them, and anyone who acts or purports to act on their behalf, are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly, indirectly, or derivatively, any action in any court or tribunal that asserts any Released Defendants' Claims against the Lead Plaintiff, any of the Settlement Class Members, any of their attorneys, and their heirs, executors, administrators, successors and assigns.

17.     Neither the Stipulation nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor the fact of the Settlement nor any proceedings taken pursuant to the Settlement, nor this Order and Final Judgment shall be:

a.     offered or received against any Defendant or Released Party as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any Defendant or Released Party of the truth of any fact alleged by Lead Plaintiff or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of any Defendant or Released Party;

b.     offered or received against any Defendant or Released Party as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant or Released Party, or against the Lead Plaintiff or any Settlement Class Member as evidence of any infirmity in the claims of Lead Plaintiff or any Settlement Class Member;

c.     offered or received against any Defendant or Released Party as evidence of a presumption, concession or admission with respect to liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Parties to the Stipulation or any Released Party, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that if the Stipulation is approved by the Court, any Defendant or Released Party may refer to it to effectuate the liability protection granted them thereunder, including, without limitation, to support a defense or counterclaim based on principles of *res

*judicata*, collateral estoppel, release, judgment, bar or reduction, or any other theory of claim or issue preclusion or similar defense or counterclaim;

        d.      offered or received against any Defendant or Released Party in support of any argument that a class should be certified for purposes of any claim;

        e.      construed against the Defendants or Released Parties or the Lead Plaintiff or any of the Settlement Class Members as an admission or concession that the consideration given thereunder represents the amount which could be or would have been recovered after trial; or

        f.      construed as or received into evidence as an admission, concession or presumption against the Lead Plaintiff or the Settlement Class Members or any of them that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

18.      Lead Counsel are hereby awarded as attorneys' fees _____% of the Gross Settlement Fund, and are further awarded $_____ as reimbursement for expenses incurred in this litigation, which fees and expenses shall be paid to Lead Counsel from the Settlement Fund with interest from the date such Settlement Fund was funded to the date of payment at the same net rate the Settlement Fund earns.

19.      The Court finds that the Lead Plaintiff has fully discharged his obligations under the PLSRA and has been actively involved throughout the litigation.  The Court therefore awards Lead Plaintiff an award of $_____ to compensate for reasonable time and expense incurred by Lead Plaintiff relating to the prosecution of this Action and representation of the Settlement Class.

20.     In making the foregoing award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

a.      The Settlement has created a fund of $11 million in cash that is already on deposit and has been earning interest, and that numerous Settlement Class Members who submit acceptable Proofs of Claim will benefit from the Settlement created by the efforts of Lead Counsel;

b.      The fee sought by Lead Counsel has been reviewed and approved as fair and reasonable by the Court-appointed Lead Plaintiff, who was substantially involved in all aspects of the prosecution and resolution of the Action;

c.      To date, over _____ copies of the Notice have been disseminated to putative Settlement Class Members indicating that Lead Counsel would move for attorneys' fees in the amount of up to 25% of the Settlement Fund and for reimbursement of expenses in an amount of approximately $_____ plus interest.  [_____] objections were filed against the proposed Settlement and/or the proposed fees and expenses to be paid Plaintiff's Lead Counsel described in the Notice;

d.      Lead Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

e.      The Action involves complex factual and legal issues and, in the absence of a settlement, would involve lengthy proceedings with uncertain resolution of the complex factual and legal issues;

f.      Had Lead Counsel not achieved the Settlement there would remain a significant risk that Lead Plaintiff and the other members of the Settlement Class may have recovered less or nothing from the Defendants; and

g.      The amount of attorneys' fees awarded and expenses reimbursed from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

21.      Any appeals or subsequent proceedings with respect to the award of attorneys' fees and expenses or a compensatory award to the Lead Plaintiff shall in no way disturb or affect the finality of any other portion of this Order and Final Judgment or the Effective Date of the Settlement as provided for in the Stipulation.

22.      This Action is dismissed with prejudice.  Without affecting the finality of this Judgment in any way, this Court hereby retains exclusive jurisdiction with respect to the implementation and enforcement of the terms of the Stipulation; the funding of and disposition of the Settlement Fund; the determination of any fees or expenses associated with the administration of the Settlement and for any purpose of construing or enforcing the terms of the Settlement, including any application related to determining whether any individual or entity is a Settlement Class Member.

23.      This Judgment and all provisions thereof, and the Settlement, shall bind each Settlement Class Member (exclusive of the persons and entities as listed on Exhibit A annexed hereto who submitted timely and valid exclusion requests) whether or not that Settlement Class Member files a Proof of Claim or receives an allocation of settlement proceeds.  All Settlement Class Members who have failed to properly file timely and valid requests for exclusion (to opt out) from the Settlement Class release and forever discharge the Released Parties from all Released Claims as provided in the Stipulation.

24.      Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

25.     In the event this Settlement does not become effective in accordance with the terms of the Stipulation, this Order and Final Judgment shall be rendered null and void to the extent provided by and in accordance with the terms of the Stipulation and shall be vacated.  In such event, all orders and releases in connection therewith shall be null and void to the extent provided by and in accordance with the Stipulation.

26.     There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

DONE AND ENTERED at Cleveland, Ohio, this ____ day of _____, 2010.


_____
THE HONORABLE SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

**EXHIBIT C**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| _____ ) | |
| IN RE NATIONAL CITY ) | Case No. 1:08-nc-70000 |
| CORPORATION SECURITIES, ) | |
| DERIVATIVE & ERISA LITIGATION ) | Judge Solomon Oliver, Jr. |
| _____ ) | |
| ) | |
| THIS DOCUMENT RELATES TO: ) | |
| ) | |
| *Reagan v. National City Corporation, et al.* ) | |
| (1:08-nc-70015) ) | |
| _____ ) | |

**PLAN OF ALLOCATION**

## I.   Definitions

A.     Except as indicated in this Plan of Allocation, the capitalized terms used herein shall have the meanings ascribed to them in the Stipulation.

B.     "Authorized Claimant" means a Settlement Class Member who submits a timely and valid Proof of Claim form to the Claims Administrator.

C.     "Purchase Price" means the lesser of (i) the price at which an Authorized Claimant purchased or otherwise acquired National City shares traceable to the Registration Statement or (ii) $35.90 (National City's stock price on January 5, 2007, the date National City's shares were issued to Fidelity Bankshares, Inc.'s shareholders in connection with the Fidelity Acquisition).

D.     "Transferee" means any person who on or after January 5, 2007 purchased or otherwise acquired shares of National City common stock traceable to the Registration Statement

from someone who in turn purchased or otherwise acquired those shares directly or indirectly in connection with the Fidelity Acquisition.

## II.     Calculation Of Recognized Losses

A.     The Recognized Loss of all Authorized Claimants shall be determined as follows:

1.     For each Authorized Claimant who acquired National City common stock in connection with the Fidelity Acquisition (*i.e.*, those prior Fidelity stockholders who exchanged their Fidelity shares for National City common stock as a result of the Fidelity Acquisition), the Recognized Loss shall be:

     a.     For shares sold on or before August 25, 2008, $35.90 minus the sale price.

     b.     For shares that were not sold or that were sold after August 25, 2008, the lesser of:

        i.     $35.90 minus the sale price; or

        ii.     $35.90 minus $4.78 (the publicly-traded price of National City shares on August 25, 2008, the date the Complaint in this Action was filed).

2.     For each Authorized Claimant who is a Transferee, the Recognized Loss shall be:

     a.     For shares sold on or before August 25, 2008, the Purchase Price minus the sale price.

     b.     For shares that were not sold or that were sold after August 25, 2008, the lesser of:

        i.     The Purchase Price minus the sale price; or

        ii.     The Purchase Price minus $4.78.

3.     For Authorized Claimants with multiple transactions in National City shares traceable to the Registration Statement, the First In-First Out method shall be used to calculate such Authorized Claimant's Recognized Loss.  Trade date, as opposed to settlement or payment date, shall be used for all such calculations, and brokerage commissions and other transaction costs shall be excluded from such calculations.

4.     The Recognized Loss for Authorized Claimants with multiple transactions in National City shares traceable to the Registration Statement shall be determined on an aggregate basis.  Any claimant who recognized a net aggregate gain on such transactions shall have no Recognized Loss, and shall not receive a distribution from the Net Settlement Fund.

5.     National City shares acquired in the Fidelity Acquisition and subsequently conveyed by means of gift, inheritance or operation of law, shall be eligible to share in the Net Settlement Fund only if the transferor or donor of such shares would have been entitled to share in the Net Settlement Fund based on his, her or its acquisition of National City shares in the Fidelity Acquisition.  If the transferor or donor submits a claim relating to his, her or its acquisition of such shares in the Fidelity Acquisition, then any claim submitted by a transferee with respect to such shares shall be rejected.

B.     The aggregate Recognized Losses of all Authorized Claimants as calculated above is the "Total Recognized Loss."

C.     The Claims Administrator shall calculate for each Authorized Claimant the "Recognized Loss Percentage" by dividing each Authorized Claimant's Recognized Loss by the Total Recognized Losses of all Authorized Claimants.

D.      The Claims Administrator shall then calculate for each Authorized Claimant the "Preliminary Dollar Recovery" by multiplying the Authorized Claimant's Recognized Loss Percentage and the Net Proceeds.

E.      The Claims Administrator shall identify all Authorized Claimants whose Preliminary Dollar Recovery under section II.D above is less than ten dollars ($10.00) (the "De Minimis Amount").  All Authorized Claimants whose Preliminary Dollar Recovery is less than or equal to the De Minimis Amount shall be deemed to have a Final Dollar Recovery of zero, and the Preliminary Dollar Recovery otherwise allocable to such Authorized Claimants shall be reallocated among the other Authorized Claimants proportionately in accordance with their Preliminary Dollar Recoveries (the "Reallocation").

F.      The Claims Administrator shall then recalculate in accordance with paragraphs IV.A-D above the Recognized Loss Percentages of the Authorized Claimants whose Preliminary Dollar Recovery was greater than the De Minimis Amount to take into account the Reallocation, so as to arrive at each Authorized Claimant's "Final Dollar Recovery."  If there is no Reallocation, each Authorized Claimant's Preliminary Dollar Recovery shall be each Authorized Claimant's Final Dollar Recovery.  The sum of the Final Dollar Recoveries of all Authorized Claimants (the "Total Dollar Recoveries") must equal the Net Proceeds.

## III.   Allocation Of The Net Proceeds To The Settlement Class

A.      Upon completion of all matters described in paragraph 33 of the Stipulation, and the process of determining the Final Recovery for all Authorized Claimants described above, the Claims Administrator shall file with the Court an affidavit setting forth the methodology used in calculating losses (consistent with this Plan of Allocation, or as modified by the Court), and a complete listing setting out the amount of allocations to each Authorized Claimant, and shall serve such affidavit and supporting materials on all counsel of record.  Contemporaneous with

4

the filing of this affidavit, Lead Counsel shall file a motion seeking Court approval of the distribution of settlement funds in accordance with the allocation prepared by the Claims Administrator, (the "Plan of Distribution").

B.      Upon Court approval of the Plan of Distribution, the Claims Administrator shall coordinate with the Escrow Agent to disburse the Net Proceeds from the Settlement Fund to those Authorized Claimants with a Final Dollar Recovery as calculated above.  Disbursements shall be made by personal check mailed to each Authorized Claimant by first-class mail.

## IV.    Qualifications And Continuing Jurisdiction

A.      In light of the manner in which the data are kept and the ease with which they can be analyzed, it may be appropriate to simplify some of the features of these calculations.  Such simplifications are acceptable as long as each Authorized Claimant receives a share of the Net Proceeds based approximately on the losses sustained on the National City common stock purchased or otherwise acquired by him, her or it traceable to the Registration Statement in comparison with the respective losses of other Authorized Claimants.  Any such changes will be presented to the Court for approval.

B.      Members of the Settlement Class who do not submit timely claims that include the information required by the Proof of Claim shall not be eligible to receive any recovery under this Plan of Allocation, but they shall be fully bound by the Settlement set forth in the Stipulation, including the releases therein, and any orders of the Court entered in connection therewith.

C.      The Court will retain jurisdiction over the Plan of Allocation to the extent necessary to ensure that it is fully and fairly implemented.